MICHAEL C. VARANELLI *v.* MARY E. SULLIVAN LUDDY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

75

Argued March 3—decided April 20, 1943.

*U. G. Church,* for the appellant (defendant).

*Michael V. Blansfield,* for the appellee (plaintiff).

MALTBIE, C. J. This is an action in equity praying that a certificate of foreclosure filed by the defendant based upon an alleged judgment of foreclosure be declared void and that title to the real estate upon

which it was filed be declared in the plaintiff, the plaintiff's contention being that the judgment in question was one for damages only. Judgment was rendered for the plaintiff and the defendant has appealed.

With such corrections of the finding as the defendant is entitled to and taking judicial notice of the record in the original action, the essential facts are as follows: On February 25, 1938, the defendant obtained a judgment against the plaintiff to recover the sum of $84.29. On March 14, 1938, she caused to be recorded a judgment lien on the plaintiff's real estate. On July 12, 1938, she filed a complaint against the plaintiff in the City Court of Waterbury setting up the judgment and the lien and claiming damages and a foreclosure of the lien. On the back of the complaint, under the indorsement of the title of the case, the following appears: "October 6, 1939. Judgment for plaintiff to recover $92.18 and costs. Law day December 29, 1939. Gaffney, Judge." On the same date the clerk of the court sent to the parties notice "That judgment was rendered today . . . for the plaintiff by default to recover $92.18 and his costs. Law Day December 29, 1939." The judgment file of the case filed and recorded in the City Court recites that "the Court, having heard the plaintiff, finds that he has sustained damages, as alleged in his complaint, to the amount of $92.18 and costs. Whereupon it is adjudged that the plaintiff recover of the defendant $92.18 damages, and his costs, taxed at $14.57." This was signed by the clerk.

The amount of this judgment was not paid. On June 28, 1940, the attorney for the defendant, Mrs. Luddy, caused to be filed in the land records a certificate of foreclosure dated January 19, 1940, stating that the land of the plaintiff, Varanelli, had been foreclosed, that the date for redemption

had passed and that title had become absolute in Mrs. Luddy. The land in question comprised four acres in the residential section of Waterbury reasonably worth $1500. On August 16, 1940, Varanelli filed a written motion in the City Court that the judgment "be reopened" and the law day extended; on September 13, 1940, this motion was denied on the ground that it came too late under the provisions of § 5084 of the General Statutes forbidding the opening of a judgment of foreclosure after title had become absolute in any incumbrancer. On November 30, 1940, Varanelli tendered to Mrs. Luddy $125, in payment of the judgment of October 6, 1939, interest and costs, which she refused to accept. After Varanelli had commenced the instant action, Mrs. Luddy filed in the City Court an application dated March 3, 1941, in which she prayed that the judgment file dated October 6, 1939, be amended and corrected to show a judgment of foreclosure. On May 21, 1941, this application was denied "without prejudice," the court holding that the error was not clerical but one in substance and could not be corrected at a term subsequent to that at which it was rendered. No appeal therefrom was taken. On January 5, 1942, the defendant made an application in this action for an order in the nature of a writ of mandamus praying that the judge and clerk of the City Court be ordered to show cause why an order should not be made directing them to correct the judgment file. The plaintiff made a motion to erase the application. On February 10, 1942, the application was denied. On March 25, 1942, the defendant filed a motion to amend her answer by adding a counterclaim that the judgment file be corrected to conform to the judgment alleged by the defendant to have actually been rendered. On April 17, 1942, this motion was denied.

On this state of facts the trial court concluded that

the defendant had not obtained a judgment of foreclosure against the plaintiff but a judgment for money damages only, and that the defendant, not having appealed from the denial of her motion to correct the judgment file in the City Court, was bound by its terms. In a preliminary memorandum of decision the court directed the plaintiff to pay the defendant $125 in satisfaction of the City Court judgment. This tender was made August 4, 1942, but the defendant refused to accept it. On September 10, 1942, the court rendered judgment for the plaintiff declaring title to the land in question to be in the plaintiff and the certificate of foreclosure to be invalid.

The claims of error made by the defendant may be summarized as follows: The real judgment was contained in the memorandum of the City Court judge indorsed on the complaint; this was recognized by the parties and the court in the proceedings to open the judgment and extend the law day, which constituted a waiver on the part of the plaintiff and a confirmation of the judgment of foreclosure on the part of the court; while the defendant had moved to amend the judgment file in the City Court to correspond with the memorandum and this motion had been denied, it had been denied "without prejudice" and, therefore, was not an appealable judgment; for this reason she was entitled in the Superior Court to a correction of the judgment in mandamus proceedings and, this remedy having been denied her, she had the right to file her counterclaim to obtain the same redress.

The judgment file is the evidence of the judgment; *State v. Lindsay*, 109 Conn. 239, 243, 146 Atl. 290; *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 50, 145 Atl. 151; *Brown v. Cray*, 88 Conn. 141, 146, 89 Atl. 1123; *Corbett v. Matz*, 72 Conn. 610, 613, 45 Atl. 494; and is conclusive of its contents unless or

until corrected. *Holtz* v. *Riddell,* 101 Conn. 416, 421, 126 Atl. 333; *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 Atl. 785. If there is a judicial error in the record, it may be corrected upon motion and hearing at the term the judgment was rendered, but not thereafter. *Goldreyer* v. *Cronan,* 76 Conn. 113, 115, 55 Atl. 594; *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 162 Atl. 844. If clerical, the error may be corrected at any time. The indorsement on the complaint gave to the clerk all the information necessary to draw a complete foreclosure judgment in the usual form, and that was all that was necessary. *People* v. *Petit,* 266 Ill. 628, 632, 634, 107 N. E. 830. That the judgment of the City Court was one of foreclosure is apparent not only from the court's indorsement but by its acceptance as such by the court and parties on the plaintiff's motion to open the judgment and advance the law day. Any irregularity in its recording was waived at that time by the plaintiff. See *D'Andrea* v. *Rende,* 123 Conn. 377, 380, 195 Atl. 741. It was the duty of the City Court to correct the judgment file to correspond with the judgment, and in a proper case the Superior Court could require it to do so. See *State ex rel. Bonoff* v. *Evarts,* 115 Conn. 98, 161 Atl. 668. Where, as in the instant case, the act required to be performed is ministerial, the authority of the Superior Court in a proper case to issue a mandamus directing that it be done cannot be questioned. *Seymour* v. *Ely,* 37 Conn. 103, 105; *Alcorn* v. *Fellows,* 102 Conn. 22, 33, 127 Atl. 911; 34 Am. Jur. 980, § 211.

In her answer the defendant alleged the indorsement on the back of the complaint which we have quoted, that the judgment file did not accord with it and that the indorsement was the actual judgment rendered. So long as the judgment file stood uncorrected, it was,

as we have stated, conclusive evidence of the judgment rendered, and the defendant could not have availed herself of the facts alleged in the answer. She was within her rights in making application for an order in the present action in the nature of a mandamus directing that the judgment file be corrected, so that she could have the benefit of the facts alleged in her answer. *Wardell* v. *Killingly,* 96 Conn. 718, 115 Atl. 539; and see *State ex rel. Rowland* v. *Smith,* 91 Conn. 110, 114, 99 Atl. 555.

The motion to erase the application states as its grounds that the officials of the City Court were not parties to the action and that the motion in the City Court to correct the judgment file had been denied and no appeal taken. As far as concerns the first ground, the application sought an order addressed to the officials of the City Court to show cause why the writ should not be granted and the issuance of that order would have made them parties to the cause.

The denial of the motion, except for the fact that it was made without prejudice, would unquestionably have been a judgment from which an appeal might have been taken. *State* v. *Kemp,* 124 Conn. 639, 641, 1 Atl. (2d) 761; Conn. App. Proc., §§ 6, 9. The effect of a denial of a motion or application "without prejudice" will often prevent that ruling from becoming res adjudicata upon its merits and leave the matter open for further presentation and consideration in the same or another proceeding. *McIntyre* v. *McIntyre,* 205 Mich. 496, 498, 171 N. W. 393; 45 Words & Phrases (Perm. Ed.), p. 439, "Without Prejudice." But such a ruling can be properly made only where there is some reasonable ground upon which the court can conclude that the issues should not be finally decided upon the situation as it stands. "Such a qualified dismissal is in the

nature of a discontinuance or nonsuit at law, and it may be entered in the discretion of the court to prevent injustice being done, which might result from an unqualified dismissal." *Burton* v. *Burton,* 58 Vt. 414, 421, 5 Atl. 281; *Field* v. *Field,* 264 Mass, 549, 550, 163 N. E. 177; *Ray* v. *Adden,* 50 N. H. 82, 84. To hold otherwise would be to put it in the power of a trial court at any time and at its sole will indefinitely to postpone the ultimate determination of the rights of the parties upon an appeal to this court. In this case the motion to the City Court was denied solely upon the legal ground that the error in the judgment file was not clerical but one of substance, and no conceivable change in that situation could have resulted from relitigating that issue. Mrs. Luddy might have appealed from the denial of the motion, claiming not only that the error was a clerical one but that the court was without power to make its ruling one "without prejudice." *Yakel* v. *Yakel,* 96 Md. 240, 244, 53 Atl. 914. As she did not do so, that judgment became res adjudicata as to her right to have the judgment file corrected. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 218, 10 Atl. (2d) 687; 34 C. J. 902, § 1312.

Even if we assume that the motion to erase was the proper procedure to attack the application, and if we pass the fact that the trial court did not decide that motion but, suo motu, denied the application, the only way the plaintiff could properly have availed himself of the ruling of the City Court as res adjudicata was by pleading it in the return to the application. Practice Book, § 104; *McKnight* v. *Gizze,* 119 Conn. 251, 253, 175 Atl. 676; *Ragali* v. *Holmes,* 111 Conn. 663, 151 Atl. 190. It was not a proper ground upon which to sustain the motion to erase and was not otherwise so pleaded that the court could base upon it the denial of the application. There was error in that ruling. The

case must be remanded that proper proceedings may be taken upon the application for the mandamus.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion JENNINGS and ELLS, Js., concurred.

DICKENSON, J. (dissenting). I cannot agree that the jurisdiction of a court of equity is so restricted as the majority opinion holds. As is pointed out in that opinion, the rendition of a judgment is the act of the court. It exists from the time the court acts, and the failure to perform the clerical act of recording the judgment can in no way invalidate it. "As between the parties the validity of a judgment properly rendered is not affected by the delay of the clerk in entering it in the court records, nor by his omission altogether to record it in pursuance of statutory provision" requiring him to do so. *D'Andrea* v. *Rende,* 123 Conn. 377, 382, 195 Atl. 741. In the instant case the indorsement on the complaint gave to the clerk all the information necessary to draw a complete foreclosure judgment in the usual form and that was all that was necessary. *People* v. *Petit,* 266 Ill. 628, 632, 634, 107 N. E. 830. He neglected to do this and instead entered the judgment as one for damages alone.

The action was in equity and no rights of third parties were involved. The plaintiff set up the judgment file in his complaint and asked equitable relief based upon it. The defendant in her answer countered by setting up the memorandum of the City Court judge directing a judgment of foreclosure, and a further defense that both the plaintiff and the court had recognized the judgment as one of foreclosure in proceedings brought by the plaintiff to open that judgment and extend the law day. The plaintiff interposed no de-

murrer to these defenses but denied them and thus put them in issue.  See *Smith* v. *Smith,* 114 Conn. 575, 578, 159 Atl. 489.  The action went to trial, the defendant put the judge's memorandum in evidence without objection and the trial court has included this in its finding.  The issue was, which should prevail, the judgment file or the memorandum?

In these circumstances the judgment file presented no insuperable obstacle to a determination by the trial court of the plaintiff's right to equitable relief.  It was asked to pass upon the equities of the parties not alone upon the evidence of the judgment file but upon the complete record of the action in the City Court.  The action clearly was tried upon the theory that the determinative issue was whether upon all the evidence the judgment file or the memorandum should control. Conn. App. Proc. § 22; *New Haven Water Co.* v. *Russell,* 86 Conn. 361, 364, 365, 85 Atl. 636.  The ultimate conclusion of the trial court that it could not go behind the judgment file to decide the issues before it was erroneous.  It in fact went behind the file, as the finding discloses, and this at the instance of the parties.  The memorandum thus became evidence of the judgment.  Other evidence, as appears by the finding, disclosed an obvious neglect on the part of the clerk properly to record the judgment, emphasized by the fact that he sent notices of the true judgment to the parties on the day of its rendition, and a recognition of the judgment as one of foreclosure by the parties and the court in the proceedings to open the judgment and extend the law day.  See *D'Andrea* v. *Rende,* supra, 380.  The plaintiff knew that a mistake had been made, yet sought by this action to take advantage of it.  *Home Owners' Loan Corporation* v. *Sears, Roebuck & Co.,* 123 Conn. 232, 236, 193 Atl.

769.   Judgment should have been directed for the defendant.

In this opinion, BROWN, J., concurred.