PAUL MOYNAHAN *v.* STATE OF CONNECTICUT

SUPERIOR COURT  JUDICIAL DISTRICT  FILE NO. 35331
OF WATERBURY

Memorandum filed January 17, 1974

*Robinson, Robinson & Cole,* of Hartford, for the plaintiff.

*Walter H. Scanlon* and *Joseph A. Hill,* assistant state's attorneys, for the state.

SPEZIALE, J. On February 4, 1970, the plaintiff was found guilty by a jury of the crime of receiving stolen goods in violation of General Statutes § 53-65. The plaintiff appealed to the Supreme Court of Connecticut, which affirmed the conviction on April

5, 1973; 164 Conn. 560; and the plaintiff then filed with the Supreme Court of the United States a petition for a writ of certiorari which was denied in October, 1973. 414 U.S. 976.

In the instant action, the plaintiff has petitioned for a new trial under § 52-270 of the General Statutes and requests that the verdict and judgment of guilty entered against him be set aside and that a new trial be ordered.

Section 52-270 of the General Statutes provided: "The superior court, the court of common pleas or the circuit court may grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or for other reasonable cause, according to the usual rules in such cases."

The plaintiff in the first count of his complaint relies on alleged newly discovered evidence as a basis for a new trial. The rules for granting a new trial on this ground are well established. The plaintiff has the burden of proving that the evidence was in fact newly discovered; that it would be material to the issue on a new trial; that it could not have been discovered and produced on the former trial by the exercise of due diligence; that it is not merely cumulative; and that it is likely to produce a different result in a new trial. *Pass* v. *Pass,* 152 Conn. 508, 511; *Taborsky* v. *State,* 142 Conn. 619, 623; *Krooner* v. *State,* 137 Conn. 58, 60; *Hamlin* v. *State,* 48 Conn. 92, 93.

At the start of the trial, this court ruled that the plaintiff's first burden was to prove that the alleged newly discovered evidence was not discovered or discoverable by the exercise of due-diligence prior to or during the original trial, and that it could not

have been known and with reasonable diligence produced at that trial. *Stocking* v. *Ives,* 156 Conn. 70, 73; *Salinardi* v. *State,* 124 Conn. 670, 672; *Meriden* v. *Rogers,* 111 Conn. 115, 118; *White* v. *Avery,* 81 Conn. 325, 328.

During the course of the trial, this court. ruled that the testimony of Alexander Desimone and Charles Sadosky was not discovered or discoverable by the exercise of due diligence prior to or during the original trial. The purpose of this testimony was to attempt to discredit and impeach the testimony of John Bishop. "Where claimed newly discovered evidence would merely affect the credibility of a witness, it is not a ground for a new trial unless it is reasonably probable that on a new trial there would be a different result. *Turner* v. *Scanlon,* 146 Conn. 149, 163 . . . ; *Smith* v. *State,* 139 Conn. 249, 251 . . . ; *Apter* v. *Jordan,* 94 Conn. 139, 142 . . . ; *Husted* v. *Mead,* 58 Conn. 55, 62 . . . ; *Tappin* v. *Clarke,* 32 Conn. 367, 369. Only under most exceptional circumstances, even in a capital case, could a witness' testimony be so important and influential that a court could, within the limits of a sound discretion, determine that new evidence merely impeaching the witness' credibility would probably produce a different result. See *Taborsky* v. *State,* 142 Conn. 619, 632 . . . ; *Smith* v. *State,* supra, 253. The rule restricting the right to a new trial when one is claimed on the basis of newly discovered evidence merely affecting the credibility of a witness is necessary because 'scarcely has there been an important trial, with many witnesses, where [after the trial] diligent search would not have discovered evidence [to impeach the character of] some witness on the trial.' *Tappin* v. *Clarke,* supra. Without such a rule, 'there might never be an end to litigation.' *Turner* v. *Scanlon,* supra." *Lancaster* v. *Bank of New York,* 147 Conn. 566, 578.

Alexander Desimone, Charles Sadosky and John Bishop testified before this court in the instant case. The three of them are admittedly convicted felons, but the quality of their testimony differs. This court had the opportunity to observe their demeanor and conduct in the courtroom and on the witness stand. Alexander Desimone testified at one point that he was under the effect of medication and drugs and that he was confused. Charles Sadosky testified that John Bishop almost killed him in a fight, and, contrary to his affidavit, he stated that John Bishop had never used the words "lie" or "false." The testimony of Desimone and Sadosky did not ring true. On the other hand, John Bishop testified in a frank and straightforward manner consistent with his testimony at the original trial, and this court is impressed with his apparent candor and frankness.

This court has read the entire transcript of the original trial. Taking that into consideration together with the testimony in the instant case of Alexander Desimone, Charles Sadosky and John Bishop, this court finds that it is not reasonably probable that in a new trial there would be a different result. There is no reasonable probability that in a new trial the trier of the facts would accept the testimony of Alexander Desimone and Charles Sadosky and reach a different result.

Also attached to the plaintiff's complaint as an exhibit is an affidavit of Robert P. Maurice, who could not be located and did not testify in the instant case. Counsel for the plaintiff have urged this court to give some weight to that affidavit. The court cannot give it any weight. "To allow the rights of parties to be affected by *ex-parte* affidavits without the protection of a cross-examination, is almost as unjust as to allow the statement of a witness not

under oath. Such a practice would not only affect injuriously the rights of the parties, but would open a wide door for imposition upon both witnesses and court." *Shields* v. *State,* 45 Conn. 266, 272.

As to the alleged newly discovered evidence testified to by Charles Vernale, it is the finding of this court that that evidence could have been known and with reasonable diligence produced at the original trial and that it was discovered or discoverable by the exercise of due diligence prior to or during that trial. Even if the court were to rule otherwise on this point, it would not assist the plaintiff in his petition for a new trial. This court during the trial of the instant case has observed Charles Vernale's conduct and demeanor in the courtroom and on the witness stand during direct examination and cross-examination. He is admittedly a convicted felon, with a very lengthy and serious criminal record, who admitted before this court that he had previously lied and committed perjury. His testimony in the instant case did not ring true; in fact, one of the witnesses who had prior dealings with him described his veracity as "zero." Any trier of the facts would have difficulty in attaching much credibility to his testimony. This court further finds that even if Vernale's testimony in the instant case were to be considered as newly discovered evidence together with the other testimony, it is not probable that in a new trial the trier of the facts would accept it and reach a different result.

Concerning the plaintiff's attempt to impeach Edward Miller, counsel for the plaintiff are well aware that the Supreme Court of Connecticut ruled that the plaintiff had "intentionally abandoned" this line of inquiry and also ruled that the plaintiff's claim "that cross-examination was unduly restricted is utterly without merit." *State* v. *Moynahan,* 164

Conn. 560, 588. Counsel for the plaintiff dispute this holding and state in their brief: "Counsel recognizes the fact that the Supreme Court ruled that this line of inquiry was abandoned. Of course, petitioner can only assert in contradiction to that holding that the record bears out the claims made by the petitioner that such abandonment never occurred, and that efforts were made consistent with Connecticut practice to preserve as an offer of proof the line of inquiry sought to be adduced to inspect Edward Miller's culpability." This court has repeatedly informed counsel for the plaintiff that it cannot overrule the Supreme Court of Connecticut. That court's ruling is determinative on this issue.

The second count of the plaintiff's complaint concerns itself with the alleged failure of the state to turn over to the plaintiff certain exculpatory information. This point has already been ruled upon by the Supreme Court of Connecticut; in *State* v. *Moynahan*, supra, 571. The plaintiff in his reply to the state's special defense in the instant case alleges that the same point was one of the issues raised in the plaintiff's petition to the United States Supreme Court for a writ of certiorari. As previously noted, that petition was denied in October of 1973. These rulings are determinative on this issue.

The plaintiff has failed to prove that the evidence in the instant case is sufficient so that it would be likely to produce a different result in a new trial.

The petition for a new trial is denied.