## RUTH BOLAND *v.* RONALD M. CATALANO
### (2285)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued October 6—decision released December 20, 1983

*Harry Cohen,* for the appellant (plaintiff).

*Richard Nahley,* with whom was *James E. Ryan,* for the appellee (defendant).

PER CURIAM. The plaintiff, whose complaint alleged that she lived with the defendant from 1971 to 1980 in an unmarried relationship, brought this action to recover from him an equal share of the money and properties they accumulated during that period, and for the return of certain personal property.

The complaint, as amended, contains four counts, each of which alleges that from July 1, 1971, to January 15, 1980, the plaintiff and the defendant lived together as husband and wife at New Milford, although they were not legally married. The present contention grows out of that alleged relationship. The first count maintains that, because of an express agreement, the plaintiff is entitled to a one-half share of all the personalty accumulated during their relationship. The second count asserts an equitable interest in realty and the third is based on quantum meruit. The fourth count is simply a demand by the plaintiff for return of her own property. The defendant denied most of the plain-

tiff's allegations and admitted whatever he knew to be true or, having knowledge or information insufficient to form a belief, did not believe to be untrue in material allegations of the complaint. The defendant filed, in addition to the answer and a special defense, a counterclaim seeking damages for the money he paid out while the plaintiff resided in his household. The claim was not pursued at trial and judgment was rendered for the plaintiff. No appeal was taken from the judgment on the counterclaim.

At the close of the plaintiff's case, the defendant moved for a judgment of dismissal of the complaint for failure to make out a prima facie case. The trial judge granted the motion on the second, third and fourth counts and stated, inter alia: "As to everything but the first count, I don't think there has been any proof whatsoever. As to the first count, there is proof." The defendant, who did not testify, offered no evidence. Thereafter, the court rendered judgment on the first count for the plaintiff to recover what she demanded in the dismissed fourth count. From the trial court's judgment, the plaintiff appeals.[1]

The complaint, as amended, is loosely drawn. Nevertheless, a claim that the plaintiff, whose complaint alleged that she lived with the defendant from 1971 to 1980 in an unmarried relationship, may recover from him personalty on an express contract, realty by an equitable remedy or damages under the doctrine of quantum meruit, is deducible, not alone from the pleadings, but from the evidence and circumstances of the parties. This issue has been discussed in other jurisdictions. See, e.g., *Marvin* v. *Marvin,* 18 Cal. 3d 660, 134 Cal. Rptr. 815, 557 P.2d 106 (1976); *Hewitt* v. *Hewitt,* 77 Ill. 2d 49, 394 N.E.2d 1204 (1979). In her appeal, the plaintiff presents, in various forms, a fun-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

damental objection to the proceedings before the trial judge, to whom the issue in this case was submitted, and to the rendition of his judgment. The refusal of the trial judge to correct the trial court record and to articulate the basis of the decision pursuant to the plaintiff's proper motion is assigned as error. It appears from the record that there was sufficient proof of the allegations of the first count to make out a prima facie case. The second, third and fourth counts narrate the same facts, differing from the first count only in the claims for relief. Yet, the second, third and fourth counts were dismissed for lack of any proof whatsoever. We cannot ascertain from this perplexed record the factual basis of the decision. More particularly, the conclusions as to the claims of law raised by the parties nowhere appear. Under these circumstances, the trial judge erred in refusing, without explanation, to make corrections in the record and to articulate the basis of the decision.

Furthermore, under our law a judgment upon facts outside the issues cannot be legally rendered. A judgment must be rendered according to the facts proved. *Pitkin* v. *New York & N.E. R. Co.*, 64 Conn. 482, 490, 30 A. 772 (1894). "The verity of records and the conclusiveness of judgments alike require that the facts determined should be those only which are within the issues joined." *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 278–79, 35 A. 266 (1896).

The only ground on which the plaintiff sought return of the specific articles of personal property she recovered under the trial court's judgment was alleged in the fourth count of the complaint, but that count was dismissed for lack of "any proof whatsoever." A judgment predicated on unproved allegations cannot stand. The judgment here is erroneous on the face of the record. *Pitkin* v. *New York & N.E. R. Co.*, supra, 490.

It is quite possible that there were errors in the process of arriving at the result rather than in the result itself. We cannot know, however, that that is so.

The rulings on evidence are not likely to arise on another trial and need not be considered.

There is error, the judgment is set aside and the case is remanded for a new trial.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 2 (c).