RONALD RAVIZZA ET AL. *v.* ANNA WALDIE ET AL.
(2714)

DUPONT, C.P.J., CALLAHAN and CIOFFI, Js.

Argued March 7—decision released April 9, 1985

*Joseph R. Lupica,* with whom, on the brief, was *James G. Green, Jr.,* for the appellants (defendants).

*Edith S. Rosen,* with whom, on the brief, was *Samuel J. Henderson,* for the appellees (plaintiffs).

CIOFFI, J. The issue in this case is what constitutes a clerical error in a judgment. The plaintiffs brought an action to quiet title to a parcel of land in the town of Cromwell. The defendants counterclaimed, claiming title by adverse possession as to a portion of the parcel. The trial court quieted title in the plaintiffs except as to a portion of the parcel which the court found belonged to the defendants by way of adverse possession. In its memorandum of decision dated January 13, 1982, the trial court stated: "[T]he court concludes that the land in dispute claimed by the plaintiffs is that included in the lines delineated in red and drawn by the Court on [the] map, Exhibit Z. This constitutes approximately eight acres."

A judgment file was prepared and signed by the clerk. Although it mentioned the red line, it did not refer to "approximately eight acres." No appeal from this judgment was taken by either party. In the summer of 1982, the parties jointly hired a surveyor to establish formal boundary lines in accordance with the trial court's decision. The surveyor informed the parties that he could not complete his task as ordered because the memorandum of decision described the parcel as consisting of "approximately eight acres" while the parcel designated by the trial court's diagram on the plaintiffs' exhibit Z consisted of only five acres. Upon learning of this supposed discrepancy, the defendants on September 23, 1983, filed a motion to correct clerical error in judgment. The thrust of the defendants' argument in support of their motion was that, on the basis of the pleadings and the evidence, the trial court made a mistake in drawing the line on exhibit Z, which only encom-

passed five acres, and should correct itself and redraw the line to give title to the defendants to a larger portion of the disputed land. The trial court denied the motion and the defendants appeal therefrom, claiming an abuse of discretion.

In a decision dated October 24, 1983, the court stated that it had based its original decision on the "use of a given piece of land *within* the disputed area." (Emphasis added.) In addition, the court stated: "This motion claimed to be a motion to correct a clerical error and required in reality a complete retrial of the case." It is clear that the trial court intentionally located the line "within" the disputed area and did not intend otherwise. It was the intention of the court to have the red line control the area in question rather than the phrase "approximately eight acres" contained in the memorandum of decision. The word "this" in the language previously quoted from the original decision could refer either to the land in dispute which consisted of eight acres or to the line drawn by the court on the map. The trial court's memorandum of decision denying the defendants' motion to correct establishes that it intended "this" to refer to the latter.

A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. 46 Am. Jur. 2d, Judgments § 202.

In the present case, the judgment reflects the decision of the trial court. This is manifested by the trial court's memorandum of decision dated October 24, 1983. No valid claim can be made that there was an error in recordation of the actual decision of the court. Therefore, even though the defendants have sought to

characterize the alleged error as "clerical," the thrust of the defendants' argument is that the trial court could not have reached the conclusion that it did reach on the basis of the pleadings and record. Therefore, the claimed error is one of substance and thus should have been raised by an appeal from the judgment.

There is no error.

In this opinion the other judges concurred.