## MICHAEL W. LAPRE ET AL. *v.* NIBO FILMS, LTD. (4522)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 6, 1986—decision released May 12, 1987

*Robert W. Heagney,* for the appellants (plaintiffs).

*Susan L. Miller,* with whom, on the brief, was *Valdis Vinkels,* for the appellee (defendant).

BIELUCH, J. The plaintiffs appeal from the trial court's rendering of a supplemental judgment in their action to quiet title. They claim that the trial court erred by supplanting its original judgment quieting title to land in the plaintiffs with a supplemental judgment redescribing the land by metes and bounds beyond the evidence presented at the trial. They charge that the new description was merely a representation by counsel and, as such, cannot be incorporated as an alleged factual clarification of the trial court's original judgment. They also assert that it was error to accept the written description without presentation of an expert witness to authenticate or establish its origin or foundation, thereby depriving the plaintiffs of an opportunity to challenge the correctness of the description. The plaintiffs' final claim is that the content of the proposed description was hearsay.

The following relevant facts are either not in dispute or are apparent on the face of the record. This action was brought by the plaintiffs against the defendant, Nibo Films, Ltd. (Nibo), to quiet title to a parcel of land.[1] This property includes a lot seventy feet wide

---

[1] The plaintiffs' complaint describes the land as follows: "Northerly: By land now or formerly of Anthony P. Walenlukonis, 450 feet; Easterly: Selden Street, 105 feet; Southerly: The defendant, 450 feet; [and] Westerly: The defendant, 35 feet and Robert L. Picard, 70 feet."

and four hundred fifty feet long acquired by the plaintiffs approximately four years earlier, and a portion of land adjoining to the south and previously conveyed to Nibo which measures thirty-five feet wide and two hundred forty feet long. The complaint alleged that the plaintiffs and their predecessors in title had acquired ownership of that described portion of Nibo's land by adverse possession of it for more than fifteen years. " 'The essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right.' *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 462, 338 A.2d 470 [1973]." *Ruick* v. *Twarkins,* 171 Conn. 149, 155, 367 A.2d 1380 (1976). By such title through adverse possession, the true owner is barred by a statute of limitations; General Statutes § 52-575;[2] from making entry into the subject lands. See also *New York Annual Conference* v. *Fisher,* 182 Conn. 272, 291, 438 A.2d 62 (1980).

---

[2] "[General Statutes] Sec. 52-575. ENTRY UPON LAND TO BE MADE WITHIN FIFTEEN YEARS. No person shall make entry into any lands or tenements but within fifteen years next after his right or title to the same first descends or accrues; and every person, not entering as aforesaid, and his heirs, shall be utterly disabled to make such entry afterwards; and no such entry shall be sufficient, unless an action is commenced thereupon and prosecuted to effect within one year next after such entry; but, if any person who has such right or title of entry into any lands or tenements is, at the time of the first descending or accruing of such right or title, a minor, non compos mentis or imprisoned, he and his heirs may, notwithstanding the expiration of such fifteen years, bring such action or make such entry at any time within five years next after full age, coming of sound mind or enlargement out of prison, or his heirs shall, within five years after his death, bring such action, or make such entry, and take benefit of the same; provided the limitation herein prescribed shall not begin to run against the right of entry of any owner of a remainder or reversionary interest in real estate, which is in the adverse possession of another, until the expiration of the particular estate preceding such remainder or reversionary estate."

Nibo counterclaimed against the plaintiffs seeking damages for trespass and destruction of trees and bushes on its land. By impleader, Nibo also filed a third party complaint against Carrols Development Corporation (Carrols), which had previously conveyed the subject property to Nibo by warranty deed.

After a trial to the court, it was found that "[e]xcept as to the house lot itself plaintiffs have not sustained their burden of proof in regard to any area beyond the paved driveway as it is shown on Exhibit D by *a preponderance of the evidence.*" (Emphasis added.)[3] The court concluded further: "Defendant has not sustained its burden of proof in regard to the claimed trespass and damages. The court cannot conclude from the record who is the owner of any other property described in the counterclaim. However, the court does find that plaintiffs are not such owners." The court, therefore, rendered "[j]udgment for plaintiffs on the complaint and counterclaim with costs."

While this action to quiet title was pending, Carrols brought a foreclosure action against Nibo in which the plaintiffs were also named as defendants. The foreclosure action was consolidated with the action to quiet title. After judgment was rendered for the plaintiffs in their title action and a stipulated judgment of strict foreclosure was rendered for Carrols, the latter moved to reargue the judgment for the plaintiffs claiming that

---

[3] Although beyond our scope of review because there was no appeal taken from the court's original judgment of January 9, 1985, and this issue is not before us in the appeal by the defendant from the supplemental judgment of September 11, 1985, it appears that the court relied upon a lesser standard of proof in finding title by adverse possession in the plaintiffs by "a preponderance of the evidence." " 'Where title is claimed by adverse possession, the burden of proof is on the claimant. . . . Such a possession is not to be made out by inference, but by clear and positive proof.' " (Citations omitted.) *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982); *Clark* v. *Drska,* 1 Conn. App. 481, 484, 473 A.2d 325 (1984); see *Schaffer* v. *Lindy,* 8 Conn. App. 96, 104, 511 A.2d 1022 (1986).

the court should have used the factual content of the foreclosure judgment to determine the ownership of the balance of the disputed property in the title action. After granting this motion, the court amended its judgment in this action "to provide that Carrols Corporation is the owner of the land described in the foreclosure action with the exception of that portion found to be owned by Michael W. and Dale H. LaPre, as set out in this court's memorandum of decision dated January 8, 1985."

A judgment file was prepared in this action pursuant to Practice Book § 337, and signed by the first assistant clerk. This judgment file describes the premises in issue as that set forth in the plaintiffs' complaint; see footnote 1, supra; finds the allegations in the complaint true, and "adjudge[s] that the title to the property be and the same is hereby quieted and settled in the plaintiffs as against the defendants, and that none of the defendants have any estate, interest in or encumbrance on the property or any part thereof."

It is apparent from the record that the judgment file is not in accordance with the court's judgment as set forth in its memorandum of decision. The judgment file does not reflect the trial court's finding that the plaintiffs had established a possessory interest only in the paved driveway, nor does it reflect the court's refusal then to determine title to the remainder of the disputed parcel.[4]

---

[4] These apparent deficiencies in the judgment file are not on review before this court on appeal. It should be noted, however, that "[a] judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk in his official capacity and for his official guidance—whether orally or by written memorandum— the sentence of the law pronounced by him in any cause. This pronouncement of the court it is incumbent upon the clerk to forthwith enter. The writing out of the judgment, in the form of a judgment-file to be recorded, is a matter of subsequent clerical action." *Bulkeley's Appeal,* 76 Conn. 454, 457–58, 57 A. 112 (1904); *Bogaert* v. *Zoning Board of Appeals,* 162 Conn.

The third party defendant, Carrols, subsequently moved for a supplemental judgment allegedly incorporating a written description of the area acquired by the plaintiffs through adverse possession in their action to quiet title. Attached as "Schedule A" to its motion, Carrols provided a lengthy metes and bounds description which it represented was that of the driveway area acquired by the plaintiffs. The purpose of the motion was to have the court "incorporate Schedule A in its judgment so that the description may be filed on the land records in the town of Berlin." This description was reportedly prepared by the surveyors who had drawn the plaintiffs' "Exhibit D" recited in the court's memorandum of decision. The description, or Schedule A, however, was neither certified nor signed.[5] The plaintiffs objected to the incorporation in the existing judgment of this description depicted in Schedule A because it was never placed in evidence during the trial.[6] They argued that the incorporation of this description would constitute a modification of the judgment on the basis of "evidence" presented in oral argument by counsel on a motion for such modification after the close of evidence, completion of trial and rendition of

532, 535 n.2, 294 A.2d 573 (1972). If there is judicial error on the record, it may be corrected upon "motion to open or set aside . . . filed within four months following the date on which it was rendered or passed." General Statutes § 52-212a; see *Varanelli* v. *Luddy*, 130 Conn. 74, 79, 32 A.2d 61 (1943). "If clerical, the error may be corrected at any time." *Varanelli* v. *Luddy*, supra.

"A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court. 46 Am. Jur. 2d, Judgments § 202." *Ravizza* v. *Waldie*, 3 Conn. App. 491, 493, 490 A.2d 90 (1985).

[5] See General Statutes § 7-31 for requirements pertaining to the filing of maps of surveys and plots on land records.

[6] The plaintiffs initially filed an objection to Carrols' motion claiming only that the motion was untimely. See General Statutes § 52-212a; Practice Book § 326. This claim was neither pressed before the trial court at argument on the motion nor raised on appeal.

judgment therein. The trial court granted Carrols' motion for supplemental judgment, and the plaintiffs then filed this appeal.[7]

The plaintiffs' first two claims of error substantially allege that the proffered description was merely a representation by counsel and as such could not form the basis for the court's supplemental judgment.[8] It is fundamental that a judgment may only be rendered upon facts which have been properly admitted into evidence. See *Weed* v. *Weed,* 25 Conn. 337, 343–44 (1856); 1 H. Black, Judgments (2d Ed.) § 165. "A judgment predicated on unproved allegations cannot stand." *Boland* v. *Catalano,* 1 Conn. App. 90, 92, 468 A.2d 1238 (1983). It is error to correct any judgment or decree unless there is sufficient evidence on the record which would warrant such an amendment. 1 H. Black, Judgments, supra. This principle precludes the consideration of all parole testimony, including the recollections of witnesses testifying ex parte. Id.

The description contained in Schedule A of the motion for supplemental judgment was clearly not evidence

---

[7] A new judgment file reflecting the court's supplemental judgment was never prepared by the clerk's office. The absence of such a file, however, will not preclude our review where the trial court's judgment clearly constitutes a final judgment from which an appeal may be taken. See *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540 (1965); *Hiss* v. *Hiss,* 135 Conn. 333, 338, 64 A.2d 173 (1949). We also note the absence of any objection to the lack of a supplemental judgment file.

[8] The plaintiffs' third claim of error that the description was hearsay was not presented to the trial court. Because we find the plaintiffs' combined first and second issues dispositive of this appeal, we need not decide this question which was neither raised in nor ruled upon by the trial court. We likewise refuse to rule upon the plaintiffs' claim raised for the first time in their reply brief, that the motion for supplemental judgment was not in accordance with General Statutes § 52-259c and Practice Book § 326, both of which provide that a filing fee shall be paid to the clerk of the court simultaneously with the filing of a motion to open, set aside or modify a civil judgment. See *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 45 n.8, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).

properly before the court. In fact, Nibo on appeal does not claim that this description was properly introduced in evidence to the court. Rather, it seeks to justify the court's reliance upon the description by alleging that it was based upon a portion of the plaintiffs' "Exhibit D," a map of the entire parcel of land originally claimed in ownership by the plaintiffs through adverse possession and admitted into evidence as a full exhibit.

It is undoubtedly true that a proper map in evidence, drawn to scale and showing courses and distances is a reliable basis upon which a court may render judgment as to title of real estate. See *Capone* v. *Sloan,* 149 Conn. 538, 544, 182 A.2d 414 (1962) (no error in allowing jury to measure distances on a map drawn to scale). A metes and bounds description as used here, however, is quite different from a survey of courses and distances drawn on a surveyor's or civil engineer's map. See 1 R. Patton & C. Patton, Titles (2d Ed.) §§ 124 and 125 (illustrating the various methods of metes and bounds descriptions). Even if we accept as true Nibo's characterization of the court's action as an independent determination of the proffered Schedule A as an accurate description of the property comprising the driveway and title to which was quieted in the plaintiffs, such a determination was beyond the evidence in the case and as such, served to deprive the plaintiffs of an effective opportunity to test its accuracy by cross-examination upon a proper tender in evidence. See *Moynahan* v. *State,* 31 Conn. Sup. 296, 299–300, 329 A.2d 619 (1974) (ex parte affidavit attached to a complaint not probative evidence; lacks protection of cross-examination).

The defendants bore the burden of supporting their motion for supplemental judgment with proper evidence which had been introduced during the trial. Their presentation of an uncertified and unauthenticated description of the real estate at their posttrial motion

allowed it to circumvent well established rules of evidence. It was of no consequence that the plaintiffs did not refute this description which was not properly before the court.

There is error, the supplemental judgment is set aside and the case is remanded with direction to reinstate the original judgment.

In this opinion the other judges concurred.