[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in this action contains three distinct but related claims by the plaintiffs against the defendants. The parties own abutting parcels of land on Pershing Drive in Ansonia. The plaintiffs Joseph Hylwa and Patricia Iskenderian and their father Anthony Hylwa are the owners of one parcel which they obtained by distribution from the Estate of Pearl Hylwa in 1990. Access to that property is obtained across a 10 foot wide driveway which crosses the land owned by the defendants Antonio Spadaro and Rosaria Spadaro. The plaintiffs' driveway easement was obtained by a quitclaim deed from a prior owner of the defendants' property, Antonina Hylwa, to the plaintiff's predecessor in title (Pearl Hylwa) on November 10, 1953. That easement gives "the right to pass and repass over a driveway from the northeasterly corner of land of the grantee herein, northerly and northeasterly to the highway." (Exhibit B). That easement is shown as "existing 10'+ driveway" on a map used at the trial, Exhibit A. Joseph Hylwa is also conservator over Anthony Hylwa. Anthony Hylwa is the sole owner of another parcel of land between the first parcel and Pershing Drive. The northeasterly corner of the jointly owned parcel and the northwesterly corner of the Anthony Hylwa parcel meet at the southerly end of the existing 10 foot wide driveway (hereafter called the driveway). The northerly side of the Anthony Hylwa property contains an area designated "12' R.O.W." on the attached map which is located between the driveway and Pershing Drive. The 12 foot wide right of way (hereafter called right of way) is located entirely on the property of Anthony Hylwa. The jointly owned parcel of the plaintiffs has a right to use the right of way as a result of CT Page 4169 an easement granted in the deed to Pearl Hylwa dated February 6, 1950 from her predecessor in title. (Defendants' Exhibit 4). No evidence was produced at the trial establishing an easement across the right of way for the benefit of the defendants' property, although a sewer pipe 8 inches in width was installed in the right of way in 1945. There is a manhole on the edge of the driveway and from there a 6 inch sewer line goes to the defendants' residence. Another line goes from the manhole to the plaintiffs' property. In 1988 the defendants had the sewer line replaced within the right of way, removing the 8 inch diameter clay pipe and replacing it with a 10 inch diameter plastic pipe. Between the right of way, the driveway and Pershing Drive there is a triangular parcel of land shown on Exhibit A which is part of the defendants' lot. The driveway separates that area of the defendants' lot from the main portion of it.
In the first count of the complaint the plaintiffs claim title to the triangular parcel by adverse possession and request the court to quiet title to that parcel in the plaintiffs under section 47-31 of the General Statutes. Where title is claimed by adverse possession the burden of proof is on the claimant to establish it by clear and positive proof. Roche v. Fairfield, 186 Conn. 490, 498. Clear and convincing evidence and clear and positive proof are identical standards of proof for an adverse possession claim. Sands Associates v. Rios, 6 Conn. App. 84, 87. The essential elements for adverse possession are that the owner must be ousted from possession and kept out uninterruptedly for 15 years by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right. Ruick v. Twarkins, 171 Conn. 149, 155; Roche v. Fairfield, supra, 498; Whitney v. Turmel, 180 Conn. 147, 148; LaPre v. Nimbo Films Ltd., 10 Conn. App. 669, 671. When title is obtained by adverse possession the true owner is barred by the statute of limitations, section 52-575 of the General Statutes, from making entry into the subject property. Id., 671. The use of the triangular parcel of land continued for more than 15 years and was open and visible.
The plaintiffs have proven that the property was used without license or consent of the defendants' immediate predecessor in title, Samuel Fabozzi, who owned the property from late 1977 to May 1986, and without the license or consent of the defendants after they acquired the property in May 1986. However, the owners of the plaintiffs and defendants' properties were related, and there was insufficient evidence to show by clear and convincing proof, that the clearing and maintenance of the triangular parcel prior to 1977 was done without the license or consent of CT Page 4170 Antonina Hylwa, another predecessor in title of the defendants. Possession is not adverse when it is pursuant to and consistent with the owner's legal or equitable title. New York Annual Conference v. Fisher, 182 Conn. 272, 292. While an adverse possession claimant does not have to claim legal title, possession of the property must be under a claim of right. It must be proven that "there was user as of right, that is, one in disregard of any rights of the holder of the legal title." Ruick v. Twarkins, supra, 58, Horowitz v. F. E. Spencer Co., 132 Conn. 373, 378. Possession while admitting title in another either by declaration or conduct is not adverse to the title of the owner. Paton v. Robinson,81 Conn. 547, 551; Lazoff v. Padgett, 2 Conn. App. 246, 250. The plaintiffs have not shown by clear and convincing evidence that they occupied the area under a claim of right. More important, they have not proven that their use was exclusive. The use is not exclusive if the adverse user merely shares dominion over the property with other users. Roche v. Fairfield, supra, 498; Whitney v. Turmel, 180 Conn. 147,148; Matto v. Dan Beard, Inc., 15 Conn. App. 458, 476. Samuel Fabozzi used the area periodically between 1977 and 1986. The plaintiffs have not proven adverse possession, which cannot be made out by the inference and requires clear and positive proof. Robinson v. Myers, 156 Conn. 510, 517.
The third count of the complaint claims damages for trespass against the defendants for use of and changes in the driveway. The plaintiffs have only an easement over the driveway, and the defendants retain a fee simple interest to the land under the driveway, subject to the easement. The owner of an easement has all rights incident or necessary to the proper enjoyment of the easement, but nothing more. Peterson v. Oxford, 189 Conn. 740, 745; Kelly v. Ivler,187 Conn. 31, 48. The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit. Kuras v. Kope,205 Conn. 332, 341. The obligation of the owner of the servient estate as to the easement is not to maintain it, but to refrain from doing or allowing something to be done which results in an impairment of it. Kelly v. Ivler, supra, 45. By granting an easement, a grantor conveys to the grantee only that which is specifically expressed in the document, and retains all use of the land not inconsistent with the grantee's use and enjoyment of the easement. Connecticut Light Power Co. v. Holson Co., 185 Conn. 436, 441; Hartford Electric Light Co. v. Wethersfield, 165 Conn. 211,220. The owner of an easement can recover for material interference with a reasonable enjoyment of the easement by the owner of the servient estate. Kelly v. Ivler, supra, 48. The plaintiffs have not proven by a preponderance of the CT Page 4171 evidence that they have any legal right to restrict the defendants from using the easement area for ingress and egress. There was some evidence that the defendants did some minimal construction activities when installing a sewer line across the easement area, but the disturbed area was restored and paved. In order to recover, the plaintiffs have the burden of establishing that the defendants' activities materially interfered with their easement. Connecticut Light Power Co. v. Holson Co., supra, 443. This has not been proven.
The final claim, contained in the second count, alleges that the defendants without permission or right entered upon the 12 foot wide right of way and illegally installed a sewer line. As previously stated, the defendants replaced an 8 inch diameter sewer line with a 10 inch line at the same location. They restored the disturbed area when they were finished. The map shows the right of way on the land of Joseph Hylwa. It is subject to the plaintiffs' easement. The evidence at the trial did not establish the legal basis, if any, of the defendants' right to maintain a sewer line across the right of way. No legal instrument granting them a right of way for utilities in general or the sewer line specifically was produced. On the other hand, there was evidence that a sewer line has existed at the same location since 1945, running from Pershing Drive (then Mill Street) to the defendants' boundary line at the end of the right of way, and beyond. The defendants have not filed a counterclaim alleging an easement by prescription. There was some evidence that the sewer line has been jointly used with the plaintiffs' property. There was no evidence of any objection to the use of the sewer line by the defendants until they replaced the sewer line in the right of way in 1988.
It is not necessary to conclusively define the rights of the parties in the right of way, including the right or duty to make repairs to a pipeline, as discussed in such cases as Center Drive-In Theater, Inc. v. Derby, 166 Conn. 460, 464,465. The prayer for relief for the second count of the complaint requests only money damages and not an injunction or other relief. The plaintiffs have not proven the allegations in paragraph 5 of the fifth count that the defendants have changed the grade and width of the right of way or that they have done irreparable damage to the plaintiffs by doing so. After the sewer pipe was replaced, the disturbed area was restored by the defendants. If anything, the plaintiffs' property has been benefited by replacement of the old pipeline by a newer and slightly larger one. No evidence of damages to the plaintiffs was produced at the trial. Since a trespass occurred, however, CT Page 4172 the plaintiffs are entitled to nominal damages on the second count. Judgment shall enter for the plaintiffs for $100.
ROBERT A. FULLER, JUDGE
[EDITORS' NOTE: EXHIBITS `A' AND `B' IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 4173
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4174
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4175
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4176
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4177
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4178
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4179