[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1988, the defendant, Ridgefield Planning Zoning Commission, adopted a revised section 306.0. of its regulations, including 12 subsections — 306.0. through 306.0.L. Thereafter, the plaintiffs, Robert Cioffoletti and Catherine Cioffoletti, appealed from the action of the defendant in adopting these revisions on the grounds that, inter alia, the adoption of section 306 would require the plaintiffs to receive a special permit from the defendant enabling the plaintiffs to continue — their lawful nonconforming use, which, according to the plaintiffs, is the only sand and gravel mining operation within the Town of Ridgefield. The plaintiffs claim that the revised section 306 will adversely affect their operation. This court sustained the plaintiffs' appeal. In its Memorandum of Decision dated March 16, 1990, the court stated:
 It is the court's holding that section illegal because it attempts to prohibit an established nonconforming use. Inasmuch as this determination is dispositive of the instant appeal, a discussion of the other grounds raised by plaintiffs is unnecessary. . . . Consequently, the plaintiffs' appeal is sustained.
The judgment file, also dated March 16, 1990, states:
 This action, in the nature of an appeal from the Planning and Zoning Commission of the Town of Ridgefield, came to this court on June 14, 1988, and thence to later dates when the parties appeared and were at issue as on file.
 The Court finds the issues for the Plaintiffs.
Whereupon it is adjudged that the appeal be CT Page 8262 and it is hereby sustained.
The defendant's petition for certification was granted by the Appellate Court. Both parties then moved for an articulation of the trial court's decision. The plaintiffs asked the trial court to articulate the plaintiffs' claim that the defendant had no power to require the plaintiffs to obtain a special permit to continue their nonconforming use.
In denying the plaintiffs' request, the trial court stated that the court's holding that section 306.0.H. was illegal and was dispositive of the plaintiffs' appeal. In response to the defendant's request for an articulation, the trial court stated: "[T]he court has declined to hold that the entire section 306 of the Ridgefield Zoning Regulations is invalid. The court's holding that section 306.0.H. is illegal has been dispositive of the plaintiffs' appeal . . . "
The Appellate Court, in sustaining the trial court's judgment, held that "[t]he court properly held that Sec. 306.0.H. is illegal as applied to the plaintiffs' property because it attempts to prohibit an established nonconforming use. This issue is dispositive of this appeal. . . ." Cioffoletti v. Planning Zoning Commission, 24 Conn. App. 5,9, 584 A.2d 1200 (1991).
In 1993, the defendant adopted a revised section 306.0. which would correct the previous section 306.0.H. which was found to have been illegal by the court. The plaintiffs, relying on the language of the judgment file, filed a motion for contempt claiming that the defendant had no power to revise the section. According to the plaintiffs, all issues raised in the previous appeal have forever been decided in their favor. In a decision dated June 10, 1993, the court (McGrath, J.) denied the motion for contempt. Thereafter, the defendant filed the present motion to correct the judgment file to properly reflect the judgment of the trial court. The defendant has filed a memorandum in support of its motion. The plaintiffs have filed a memorandum in opposition.
Practice Book, Sec. 337 provides:
Judgment files in civil cases shall be CT Page 8263 prepared when (1) an appeal is taken, (2) either party requests that the judgment be incorporated into a judgment file; (3) a judgment has been entered involving the granting of a dissolution of marriage, a legal separation, an annulment, injunctive relief, or title to property (including actions of foreclosure and to quiet title), except in those instances where judgment is entered in such cases pursuant to Sec. 251 and no appeal has been taken from the court's judgment; or (4) ordered by the court. The judgment file shall be prepared, in the clerk's discretion, by counsel or the clerk, unless ordered by the court.
The pronouncement of the court is the judgment, and the clerk's function of recording the sentence ordered by the court is the judgment file. LaPre v. Nibo Films., Ltd.,10 Conn. App. 669, 673-74 n. 4, 525 A.2d 140 (1987).
The plaintiffs argue that the judgment file is the proper evidence of the rendition of the judgment and its terms. State v. Lindsay, 109 Conn. 239, 243, 146 A. 290
(1929). (Plaintiffs' Memorandum in Opposition.) Therefore, plaintiffs argue that since the judgment file properly defines the terms of the judgment, and since the judgment file reflects that "[t]he Court finds the issues for the Plaintiffs," the defendant, by attempting to amend section 306.0.H., is violating a court judgment.
According to the plaintiff, the problem in the present case is that the defendant, despite the fact that the entire regulation was supposedly invalidated by the language in the judgment file, kept in force all but one of the subparagraphs of the challenged regulation.
Plaintiffs argue that the court cannot, by the use of an articulation, change its prior decision.
 `A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk in his official capacity and for his official guidance — whether orally or by written memorandum — the sentence of the law pronounced by him in any cause. This pronouncement of the CT Page 8264 court it is incumbent upon the clerk to forthwith enter. The writing out of the judgment, in the form of a judgment-file to be recorded, is a matter of subsequent clerical action.'
LaPre v. Nibo Films, Ltd., supra, 673 n. 4.
"If there is judicial error on the record, it may be corrected upon `motion to open or set aside . . . filed within four months following the date on which it was rendered or passed.' [Citations omitted.] If clerical, the error may be corrected at any time." Id., 674 n. 4, quoting Varanelli v. Luddy, 130 Conn. 74, 79, 32 A.2d 61 (1943). "A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court." Ravizza v. Waldie, 3 Conn. App. 491, 493,490 A.2d 90 (1985). "Our Supreme Court has recently stated that `[t]he judgment file is merely a clerical document . . . as the pronouncement by the court . . . is the judgment.'" Lehto v. Sproul, 9 Conn. App. 441, 445, 519 A.2d 1214 (1987), quoting Lucisano v. Lucisano, 200 Conn. 202, 206,510 A.2d 186 (1986).
In present case, it is apparent from the record that the judgment file is not in accordance with the court's judgment as set forth in its Memorandum of Decision.
The court's Memorandum of Decision states that "section 306.0.H. is illegal because it attempts to prohibit an established nonconforming use. Inasmuch as this determination is dispositive of the instant appeal, a discussion of the other grounds raised by plaintiffs is unnecessary." The Appellate Court sustained the trial court's judgment. See Cioffoletti v. Planning Zoning Commission, supra. Therefore, although the judgment file states that "[t]he Court finds the issues for the Plaintiffs," the Memorandum of Decision correctly represents the actual decision of the court, and that decision does not prohibit the defendant from enacting an amendment to section 306.0.H. Consequently, the defendant's motion to correct the judgment file is granted. CT Page 8265
West, J.