[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before this court on the plaintiff's Motion to Correct filed June 22, 1995. A brief review of the procedural history of this case is necessary.
A dissolution action was filed by the plaintiff, Albert S. Jarmie, on November 1, 1991. The case was referred on February 24, 1995 to Judge William Ramsey, State Trial Referee, for final hearing and judgment.
After hearing testimony and receiving evidence, Judge Ramsey issued a Memorandum of Decision dated June 9, 1995 dissolving the marriage and entering certain orders. Specifically, Judge Ramsey's Memorandum of Decision, on page 6, states that "the court orders the plaintiff to pay $7,5000.00 [sic] of the defendant's counsel fees." On June 22, 1995, the plaintiff filed the subject motion to correct asserting that the amount of attorney's fees awarded to defendant's counsel "was intended to be $750.00." At oral argument held on the plaintiff's Motion to Correct, the defendant claims that the figure should be $7,500.00.
The Motion to Correct was initially referred to Judge Ramsey. However, that referral was rescinded by Judge Lynda Munro on December 11, 1995. Judge Ramsey was unable to hear the matter because he has been out of work due to a serious illness. The Motion to Correct was referred to this court which heard oral argument from the parties on January 2, 1996.
A trial court possesses the power under the common law to correct its judgments. Blake v. Blake, 211 Conn. 485, 494 (1989). It is not necessary that the same judge who issued the memorandum CT Page 103-A of decision also rule on a parties' motion to correct. Holcombev. Holcombe, 22 Conn. App. 363, 365 (1990).
Corrections which constitute "clerical errors" may be corrected at any time. Blake v. Blake, supra, 211 Conn. 494. "A clerical error is a mistake or omission in a judgment which is not the result of the judicial function. Such a claimed error does not challenge, the court's ability to reach the conclusion that it did reach, but involves the failure to preserve or correctly represent in the record the actual decision of the court." Ravizza v. Waldie, 3 Conn. App. 491, 493 (1985).
I have reviewed the entire court file in this case, including the parties' claims for relief and their post trial memoranda and I have heard oral argument from the parties' attorneys. I have also closely examined the Memorandum of Decision issued by Judge Ramsey.
The mistake in Judge Ramsey's Memorandum of Decision is clearly a typographical error. For the plaintiff to prevail, the typographical error must consist of two extra zeros and an inadvertent comma. For the defendant to prevail, one extra zero must have been added.
I find that Judge Ramsey intended to order the plaintiff to pay $7,500 of the defendant's counsel fees. It is much more likely that Judge Ramsey neglected to notice the extra zero when proof reading his Memorandum of Decision then it is that he failed to see a comma and two extra zeros. The comma particularly stands out and any perusal of the figure would focus on it.
The conclusion that $7,500 was awarded in attorney's fees is buttressed by the fact that Judge Ramsey determined that the defendant owed her attorney a substantial amount of attorney's fees. He specifically found that $27,317.60 was owed. An award of $7,500 in attorney's fees is also not unreasonable under the statutory criteria of Connecticut General Statutes § 46b-62
as applied to the facts found in Judge Ramsey's Memorandum of Decision.
In light of the above, I hereby order that the Memorandum of Decision dated June 9, 1995 be corrected to read as follows: "The court orders the plaintiff to pay $7,500 of the defendant's counsel fees." CT Page 103-B
Jon M. Alander, Judge