CITICORP MORTGAGE, INC. *v.* CYNTHIA D'AVANZO

CYNTHIA D'AVANZO *v.* CITICORP MORTGAGE, INC.
(11960)
(11493)

DUPONT, C. J., LAVERY and HEIMAN, Js.

Argued April 30—decision released June 15, 1993

*Kevin A. Coles,* for the appellant (defendant in the first case, plaintiff in the second case).

*Deborah L. Dorio,* with whom were *Lloyd Cowinger* and, on the brief, *William F. Beckert,* legal intern, for the appellee (plaintiff in the first case, defendant in the second case).

HEIMAN, J. Cynthia D'Avanzo appeals (11493) from the trial court's denial of her request for a temporary and permanent injunction. She also appeals (11960) from the deficiency judgment rendered against her by the trial court in a foreclosure action brought by Citicorp Mortgage, Inc. We affirm the judgments of the trial court.

The following facts are necessary for a resolution of these appeals. On December 14, 1988, Citicorp loaned D'Avanzo $110,000. In turn, she signed a note and executed a mortgage on real property located at 173 Lawn Avenue, Stamford, to secure the loan. The property was substantially damaged by fire on June 26, 1991. In August, 1991, Citicorp brought an action seeking foreclosure of the mortgage, possession of the property, money damages, reasonable attorney's fees, interest, costs, deficiency judgment, and such other and further relief that the court may deem just and equitable. In October, 1991, the court granted Citicorp's motion for default for failure of D'Avanzo to appear. In December, 1991, the court granted Citicorp's motion for strict foreclosure and set a law day of January 14, 1992. Citicorp mailed notice of judgment and taxation of costs to D'Avanzo.

On January 14, 1992, Citicorp filed a motion to open the judgment and reset the law day. Citicorp telephoned D'Avanzo in order to notify her of the hearing scheduled on the motion, but was unable to contact her. D'Avanzo thus had no notice of the motion or hearing prior to the proceedings.[1] On that date, the trial court granted Citicorp's motion and set a new law day of June 15, 1992.

On March 2, 1992, D'Avanzo filed an appearance in the mortgage foreclosure action and filed an objection to the motion to open the judgment and reset the law day and a motion to reargue. In both motions, she asserted that she lacked notice of the motion to open and an opportunity to be heard until after Citicorp's motion to open was already heard and granted.

On March 20, 1992, D'Avanzo brought an action seeking temporarily and permanently to enjoin Citicorp from seeking satisfaction of its debt by any means, including resort to fire insurance proceeds, seeking an order declaring that the trial court's granting of the motion to open the judgment on January 14, 1992, to be null and void, and seeking such other relief as the court deemed equitable and just.

On June 4, 1992, the trial court issued a memorandum of decision. It found that Citicorp sent notice of the December 9, 1991 judgment of strict foreclosure and the January 14, 1992 judgment opening the strict foreclosure. The court found, however, that D'Avanzo was not provided with prior notice of the filing of the motion to open the judgment nor was she provided with an opportunity to be heard prior to action being taken on that motion. The court also found that the motion to open the judgment and to reset the law day constituted a pleading asserting new or additional claims for relief within the meaning of Practice Book

---

[1] Citicorp mailed a copy of the motion to D'Avanzo on January 14, 1992.

§ 121 (c).[2] The court denied D'Avanzo's motion for temporary and permanent injunction. On June 10, 1992, the trial court granted her motion to reargue the motion to open in the foreclosure action and then, after a hearing, overruled her objection to the motion to open. D'Avanzo did not, however, appeal from the overruling of the latter motion.

On June 24, 1992, Citicorp filed a motion for deficiency judgment. The court granted the motion on November 23, 1992, and found the deficiency to be $31,681.72.

On June 22, 1992, D'Avanzo filed her appeal in the first case from the denial of her motion for temporary and permanent injunction. On December 7, 1992, she filed her appeal in the second case.[3]

I

(11960)

In her second appeal,[4] D'Avanzo asserts that (1) she was entitled to rely on the judgment of strict foreclosure that was granted on December 9, 1991, (2) the trial court improperly issued a deficiency judgment in favor of Citicorp because, as a matter of law and equity, Citicorp was not entitled to a deficiency judgment, (3) the deficiency judgment rendered by the court vio-

[2] Practice Book § 121 (c) provides: "Any pleading asserting new or additional claims for relief against parties who have not appeared or who have been defaulted shall be served on such parties."

[3] Although the filing of the appeal from the judgment denying D'Avanzo's request for a temporary and permanent injunction preceded her filing of her appeal from the deficiency judgment, for purposes of clarity, the latter appeal will be analyzed first.

[4] Practice Book § 354 provides: "A notice of every nonsuit for failure to enter an appearance or judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed forthwith by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be sent to the clerk's office. Proof of service shall be in accordance with Sec. 123."

lates her due process rights under the fourteenth amendment to the constitution of the United States, and (4) the trial court, by granting Citicorp's motion for deficiency judgment, has endorsed and approved a violation of her constitutional rights and rights secured under Practice Book § 354.

According to D'Avanzo, she does not seek on this appeal to set aside the vesting of title to the premises in Citicorp, but rather she is attempting to prevent Citicorp from taking any further collection action on the note by way of a deficiency judgment.[5]

Once title has passed in a strict foreclosure, a final judgment has occurred that cannot be opened. General Statutes § 49-15; *Bank of Stamford* v. *Alaimo*, 31 Conn. App. 1, 8, 622 A.2d 1057 (1993). Pursuant to General Statutes § 49-14, within thirty days after the time for redemption has expired, the mortgagee may file a motion seeking deficiency judgment, as Citicorp did in this case. "Any claims by the defendant that were made or could have been made in the foreclosure proceeding cannot be relitigated in the deficiency hearing. . . . Some defenses may be raised to a motion for deficiency judgment, but not those that were or could have been raised in the foreclosure hearing. *Maresca* v. *DeMatteo*, 6 Conn. App. 691, 506 A.2d 1096 (1986) (defense of usury) (timeliness of the filing of a motion for deficiency judgment in a strict foreclosure); see also *Baybank Connecticut, N.A.* v. *Thumlert*, 222 Conn. 784, 610 A.2d 658 (1992) (the defense of laches as to the issue of timeliness in filing the motion for deficiency in a foreclosure by sale proceeding under General Statutes § 49-28); *Society for Savings* v. *Chestnut*

[5] D'Avanzo asserts in her brief that "[h]ad the judgment not been reopened, Citicorp would have taken absolute title to the property on January 15, 1992, and its right to seek a deficiency judgment would have expired through a lapse of time."

*Estates, Inc.,* 176 Conn. 563, 409 A.2d 1020 (1979) (the constitutionality of § 49-14)." *Bank of Stamford* v. *Alaimo,* supra, 9–10. The purpose of these deficiency proceedings is to determine through a hearing the value of the property that has been foreclosed as of the date title vests in the mortgagee and to award the difference between that value and the amount of the debt as established by the foreclosure judgment. Id., 7; *Di Diego* v. *Zarro,* 19 Conn. App. 291, 294, 562 A.2d 555 (1989).

Here, D'Avanzo failed to appeal from the overruling of her objection to the motion to open. This overruling occurred prior to the date on which title vested in the bank. Had she appealed from the disposition of that motion, she would have been permitted to raise her claims of lack of notice and the deprivation of her due process rights that may have arisen out of Citicorp's failure to notify her of the motion to open and the subsequent hearing on that motion. Once title vested in Citicorp, however, she was precluded from raising these issues because a final judgment had entered that could not be opened. See General Statutes § 49-15. Her attempt to make these challenges at the deficiency hearing and on appeal can be to no avail since these claims are not proper defenses to a motion for deficiency judgment, but rather might be defenses to the foreclosure action.[6]

## II

### (11493)

In her first appeal, D'Avanzo asserts that the trial court improperly (1) denied her motion for temporary and permanent injunction, (2) failed to prohibit Citicorp

---

[6] Moreover, any alleged constitutional defect concerning lack of notice and due process violations was cured by the trial court's granting of her motion to reargue and hearing her objection to the motion to open the judgment and to reset the law day.

from seeking satisfaction of its debt by any means, including insurance proceeds, and (3) failed to determine that the trial court's order opening the judgment in the foreclosure action was null and void.[7]

The granting or denial of injunctive relief rests within the discretion of the trial court. *Walton* v. *New Hartford,* 223 Conn. 155, 165, 612 A.2d 1153 (1992); *Dukes* v. *Durante,* 192 Conn. 207, 225, 471 A.2d 1368 (1984); *Harvey* v. *Daddona,* 29 Conn. App. 369, 377, 615 A.2d 177 (1992). To obtain such relief, the applicants must demonstrate that they would suffer irreparable harm and that they lack an adequate remedy at law. *Walton* v. *New Hartford,* supra; *Stocker* v. *Waterbury,* 154 Conn. 446, 449, 226 A.2d 514 (1967); *Harvey* v. *Daddona,* supra. Our review of the trial court's denial of injunctive relief is limited to determining whether the decision was based on erroneous statements of law or on an abuse of discretion. See *Walton* v. *New Hartford,* supra; *Harvey* v. *Daddona,* supra. Demonstrating that the trial court has abused its discretion is a difficult task. "Our appellate decisions emphasize that an abuse of discretion leading to a reversal is rare." *Madigan* v. *Madigan,* 224 Conn. 749, 758, 621 A.2d 258 (1993).

Our review of the entire record reveals that the trial court did not abuse its discretion in denying D'Avanzo's application for a temporary or permanent injunction. In her application for injunctive relief, D'Avanzo asserted that "if [Citicorp] is allowed to satisfy [her] debt by seeking and receiving insurance proceeds, there will be no redress for the loss of rights suffered by the plaintiff as a result of the ex parte and unilateral actions of [Citicorp] taken without notice and an opportunity to be heard." In her complaint praying for injunctive

[7] Our resolution of D'Avanzo's second and third claims in appeal (11493) is controlled by our holding in her appeal from the deficiency judgment. See part I, supra.

relief, D'Avanzo asserted that "[a]s a result of [Citicorp's] unilateral actions taken ex parte and without any notice to the plaintiff, [she] was deprived of the right to rely upon the judgment of the Superior Court and of the effect of that judgment and the law days ordered." She further asserted that "[a]s a direct result of [Citicorp's] actions, [she] has been deprived of her constitutional rights of notice, of a hearing, of an opportunity to appear and be heard, and due process of law and equal protection of the laws as guaranteed to her under the Constitutions of the United States of America and the State of Connecticut."

D'Avanzo has failed to demonstrate that she would suffer irreparable harm if the injunctive relief was denied. She had a full opportunity to challenge the opening of the judgment and resetting of the law day when the court granted her motion to reargue and conducted a hearing on her objection to Citicorp's motion to open. The court found that it would be more appropriate for D'Avanzo to raise her claims during the hearing on the motion to reargue and on the objection to the motion to open. Any alleged constitutional defect was cured by the hearing on the objection to Citicorp's motion to open. The trial court did not abuse its discretion in denying the motion for injunctive relief.

The judgments are affirmed.

In this opinion the other judges concurred.