[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
The defendants James E. Beam, III and Barbara A. Hazay-Beam (hereafter called the defendants) contest on equitable principles the amount of the deficiency judgment requested by the plaintiff. The gravamen of their claim is that the judgment should be reduced by depreciation in the value of the property and that some of the interest on the debt should be disallowed because of delays caused solely by the plaintiff in completing this foreclosure action.
The defendants signed a note for $297,500 secured by a mortgage on their property on March 24, 1988. The mortgage was assigned to Dollar Dry Dock Bank. When the defendants realized that they could no longer make payments on the mortgage they executed and delivered a deed in lieu of foreclosure on June 4, 1991 to Dollar Dry Dock Bank. An appraisal of the property on June 14, 1991 valued it at $179,000. The bank neither recorded the deed or returned it to the defendants. The bank was not required to accept a deed to the property in lieu of foreclosure, Bank of Boston v. Platz, 41 Conn. Sup. 587,589-92, 3 Conn. L. Rptr. 436 (1991); Gateway Bank v. Lawler,9 Conn. L. Rptr. 129 (1993), particularly where the debt exceeded the value of the property.
While the tender of the deed did not have to be accepted by the bank, it was obvious that the defendants could not pay the debt and would not contest a foreclosure of the mortgage. A notice of default and acceleration of the mortgage was not sent, however, until December 1991, and an action to foreclose the mortgage was not commenced until January 28, 1992, when the complaint was served on the defendants. The Federal Deposit Insurance Corporation (FDIC) was named as receiver for Dollar Dry Dock Bank on February 21, 1992, and Emigrant Savings Bank was substituted for the FDIC on April 13, 1992. These changes in the named plaintiff resulting from insolvency of Dollar Dry Dock Bank did not materially delay the foreclosure action. The defendants filed a disclosure of no defense to the foreclosure proceeding on March 25, 1992, and a motion for default for failure to plead was granted against them on April 1, 1992. However, the FDIC and Emigrant Savings Bank did not pursue the CT Page 6628 foreclosure from April 1, 1992 until November 6, 1992, when the FDIC reentered the case, replacing Emigrant Savings Bank, and filed a motion for a strict foreclosure. The court (Stodolink, J.) granted a judgment of strict foreclosure on November 30, 1992, with a law day of January 5, 1993. Title vested in the FDIC on January 7, 1993. On that date the property had a value of $160,000.
The mortgage debt on November 30, 1992 was $345,892.96. The plaintiff claims additional interest of $2,080.50 from then until January 7, 1993 and interest at the statutory rate after that. The defendants' disclosure of defense dated March 25, 1992 stated that the defendants had no defense to foreclosure of the mortgage but that they contested interest subsequent to June 4, 1991, the date when they tendered a deed, conveyance tax forms and checks for payment of conveyance taxes to Dollar Dry Dock Bank. Since this claim was adequately raised in the foreclosure proceeding itself, the defendants are not precluded from raising it in a deficiency judgment proceeding. See Bank of Stamford v. Alaimo, 31 Conn. App. 1, 9; Citicorp Mortgage, Inc. v. D'Avanzo, 31 Conn. App. 621, 625-26 holding that defenses to the foreclosure action cannot be raised for the first time on a motion for deficiency judgment. While the amount of the interest allowed on the debt could have been questioned at the time of the hearing on the motion for strict foreclosure, the amount of the debt was academic unless and until the plaintiff pursued a deficiency judgment against the defendants. A claim that the interest charged on the debt is excessive is technically not a defense to the foreclosure itself, while it is directly germane to the amount of a deficiency judgment. Since the defendants disclosed their intent to contest the interest charged on the debt prior to strict foreclosure, it will be considered at this time.
The plaintiff claims that since the FDIC was substituted as a plaintiff for Dollar Dry Dock Bank, that the defendants cannot raise any defenses against it based on the rule in D'Oench, Duhme Co. v. FDIC, 315 U.S. 447 (1942) and 12 U.S.C. § 1823(e), a federal statute containing the requirements for and imposing limitations on raising defenses against the FDIC based on agreements made between the failed bank and its borrowers. See also Langley v. FDIC, 484 U.S. 86 (1987) interpreting the statute. The plaintiff also claims that under federal common law the FDIC acting as a receiver of a failed bank has a status equivalent to that of a holder in due course. While the CT Page 6629 plaintiff may be correct that these concepts would bar reliance upon an agreement between the borrower and the failed bank as a defense to the foreclosure action, they are not relevant as to whether the amount of the debt should be reduced and a deficiency judgment should be limited upon equitable considerations.
In Hamm v. Taylor, 180 Conn. 491, 497 it was recognized that the court within its discretion can withhold foreclosure or reduce the amount of the stated indebtedness based upon equitable considerations and principles. Based on this concept it was held in Citicorp Mortgage, Inc. v. Upton, 42 Conn. Sup. 302,305, 7 Conn. L. Rptr. 273 (1992) that failure of a plaintiff to take title to the property of the mortgagors can amount to inequitable conduct justifying refusal to allow interest after the delay in taking title became unreasonable. Moreover, it has been recognized that because a mortgage foreclosure is an equitable proceeding that a defendant who has been demonstrably prejudiced by a plaintiff's delay in filing a motion for a deficiency judgment may invoke the equitable defense of laches. Baybank Connecticut, N.A. v. Thumlert,222 Conn. 784, 791-92, citing Farmers Mechanics Saving Bank v. Sullivan, 216 Conn. 341, 350-51. See also Citicorp Mortgage, Inc. v. Kerzner, 8 Conn. L. Rptr. 229 (1992).
There were two periods of delay in this case which the defendants contend justify disallowance of some of the interest on the debt, namely. delay in commencing the foreclosure proceedings after the offer of the deed in lieu of foreclosure, and delay in completing the foreclosure proceedings once they were started. The stipulation of facts by the parties shows that after the defendants made the offer of a deed to the property on June 4, 1991, there were negotiations for some additional payment of money from the defendants to Dollar Dry Dock Bank. This delay was caused in part by the defendants or their agents, which does not justify denying interest on the debt during the period of negotiations or a reasonable time thereafter. See Gateway Bank v. Lawler, 9 Conn. L. Rptr. at 130. However, the delay in completing the foreclosure proceedings was not due to any conduct of the defendants. They disclosed that they had no defenses to foreclosure on March 25, 1992, and were defaulted for failure to disclose a defense on March 30, 1992, and for failure to plead on April 3, 1992. The FDIC took over Dollar Dry Dock Bank on February 21, 1992, resulting in a ninety day statutory stay of proceedings. CT Page 6630 Emigrant Savings Bank was substituted as the plaintiff on April 13, 1992. There was no good reason shown for delaying the filing of a motion for strict foreclosure until November 6, 1992. Taking the ninety day stay of proceedings into consideration, the amount of the debt is reduced by the interest between May 21, 1992 and November 6, 1992, a period of 169 days. At $54.75 per day this amounts to $9,252.75.
The defendants also claim that the plaintiff should bear the cost of a decline in value of the property between June 1991, when its value was $179,000 and its value when title vested on January 7, 1993, which was $160,000. This cannot be done here, as there is no evidence to show what portion of the decline, if any, occurred between May 21, 1992 and November 6, 1992.
Since a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee against the mortgagor on the underlying note except those enforceable by the deficiency judgment procedure in 49-14, Eichman v. J J Building Co.,216 Conn. 443, 448; First Bank v. Simpson, 199 Conn. 368, 370; 49-1
C.G.S., a mortgagee is not entitled to additional interest after the date title vests unless and until it obtains a deficiency judgment. Section 37-3a of the General Statutes allows interest to be recovered at the rate of 10% per year as damages for the detention of money after it becomes payable. The allowance of prejudgment interest as an element of damages is primarily an equitable determination within the discretion of the court. Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,482; Milgrim v. Deluca, 195 Conn. 191, 201. While interest is frequently awarded on deficiency judgments in mortgage foreclosure actions from the date title vests in the mortgagee until the date of the deficiency judgment, it is not mandatory. The deficiency is not determined until after a hearing upon motion of the mortgagee and a finding of the value of the property on the date title vested in the mortgagee. In any event, prejudgment interest is disallowed in this case for equitable reasons due to the delay of the plaintiff in completing the foreclosure proceedings.
The debt on November 30, 1992 was $345,892.96. With the disallowed interest it is reduced to $336,640.21. Interest is allowed from the judgment of strict foreclosure until title vested on January 7, 1993 in the amount of $2,080.50, plus attorney's fees of $1,500 and taxable costs on the original CT Page 6631 judgment of $1,068, for a total of $341,288.71. An appraiser's fee of $675 is allowed on the deficiency judgment. The value of the property when titled vested was $160,000. A deficiency judgment shall enter for the plaintiff for $181,963.71.
ROBERT A. FULLER, JUDGE