[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
This case comes to the court on the plaintiff's Motion for Deficiency judgment dated April 29, 1993 (clerk's coding number 119.50).
The case was assigned for hearing on January 3, 1994 where both parties were represented by counsel. The parties stipulated on the record at the hearing as to their agreements and their disagreements. There were no disagreements with regard to the calculation of the proposed deficiency judgment except as to the value of the property on the date title vested, i.e., April 28, 1993.
Neither party presented the court with an appraisal of the property as of on that date.
The plaintiff claims that the value of the property should be based upon a later sale on May 27, 1993 when the property was sold for $33,000. In that connection, the plaintiff offered the testimony of the husband of the plaintiff who testified as to contacting a realtor and negotiating a purchase and sale agreement. (Plaintiff's Exhibit No. 3.) The purchase and sale agreement was entered into on May 15, 1993. The closing took place on May 27, 1993. (Plaintiff's Exhibit No. 1.) The H.U.D. statement suggests that after deducting for taxes and various other expenses the plaintiff received $10,129.59 from the closing. The plaintiff's husband testified that he had no prior relationships with the purchasers who were found for him by the agent and that the "cash" transaction was necessary because bank money was not available for a multifamily rental property at the time of the sale. He testified that any other offers that he had for the property during the period in question required him to take back a portion of the purchase price by way of a promissory note and that he did not desire CT Page 106 to do so. The plaintiff's testimony did not make clear the extent of the effort to sell the property although it did appear that the plaintiff sold to the first "cash" buyer. In response to cross examination, the plaintiff's husband indicated that he was anxious to sell the property at the time because the city was threatening to foreclose for back taxes of approximately $12,000.
On the other hand, the defendant claims that the court should determine the value of the property on the date title vested having in mind the $99,000 value which was found by the court at the time of the entry of the judgment of strict foreclosure on March 29, 1993. This finding, according to the defendant's argument, was based upon the plaintiff's appraisal report of one William Henry. (Plaintiff's Exhibit No. 2.) Mr. Henry's appraisal report appears to have been based upon comparable sales all of which were within one mile of the subject property. The appraisal appears to have been done at the request of Howard Flora, the husband of the plaintiff.
It is unquestionable that the court must determine the value of the property at the time title vests in connection with a deficiency judgment under Section 49-14 of the General Statutes. See Society for Savings v. Chestnut Estates, Inc.,176 Conn. 563 (1979); Citicorp Mortgage, Inc. v. D'Avanzo,31 Conn. App. 621, 626 (1993).
In this case, based upon the limited testimony with regard to whether or not the particular sale was a bona fide arms length transaction and the limited information provided on behalf of the plaintiff with regard to other attempts to sell the property and what affect, if any, the plaintiff's urgency to affect a sale and unwillingness to accept a purchase money mortgage would have on the price actually received, the court is of the view that the appraisal report offered by the plaintiff at the time judgment was obtained just about a month prior of the vesting of title represents the best evidence to the value at the time title vested.
Accordingly, the court finds that the value of the property on April 28, 1993 was $99,000.
The court finds that $600 is a reasonable additional attorney's fee for the plaintiff and approves the same. CT Page 107
Based upon the agreements of counsel as to the amount of the debt, interest and other charges the court grants the plaintiff a deficiency judgment in the amount of $31,027.10.
Lueba, J.