NEW MILFORD SAVINGS BANK *v.*
MAURICE J. JAJER ET AL.
(14888)

Dupont, C. J., and O'Connell and Heiman, Js.

Argued December 11, 1996—officially released April 1, 1997

*George M. Purtill*, with whom, on the brief, were *Seth Jacoby* and *R. Richard Croce*, for the appellants (named defendant et al.).

*Thomas J. Allingham*, for the appellee (plaintiff).

DUPONT, C. J. This appeal arises out of a mortgage foreclosure on the defendants'[1] land in New Milford. Their basic claim is that the trial court improperly granted the plaintiff's motion to open when it lacked jurisdiction to do so because title had already vested in the plaintiff.

---

[1] The defendants Maurice J. Jajer and Maria Jajer are the mortgagors. Additional defendants in the trial court who are not parties to this appeal were Sears, Roebuck and Company, the department of revenue services, and Waterbury Telephone Employees Credit Union, each of which held one or more recorded liens on the property. We refer to the Jajers as the defendants in this opinion.

The trial court rendered a judgment of strict foreclosure on August 22, 1994, with a law day of September 19, 1994, for the defendants to redeem or to be foreclosed. The defendants failed to redeem on their law day,[2] and title vested in the plaintiff on September 23, 1994.

On September 26, 1994, the defendants filed a Chapter 11 bankruptcy petition, and the underlying proceedings in the trial court were automatically stayed. Subsequently, the plaintiff determined that the property described in the foreclosure complaint did not contain the entire property description contained in the mortgage deed because one of three mortgaged parcels of land was omitted. The two parcels described in the complaint were undeveloped land, whereas the defendants' residence was on the omitted parcel.

On October 5, 1994, the plaintiff filed a motion in the United States Bankruptcy Court, pursuant to § 362 of the Bankruptcy Code; 11 U.S.C. § 362; seeking relief from the bankruptcy stay so that it could foreclose the defendants' interest in the third parcel, which the plaintiff had mistakenly omitted from its foreclosure action. After a contested hearing on December 22, 1994, the United States Bankruptcy Court, Krechevsky, J., issued an opinion and order on February 23, 1995, ordering that the stay be modified "to permit the movant to proceed in state court to prosecute a supplemental action." The bankruptcy court noted the defendants' concession that the plaintiff's mortgage remained on the third parcel after the mortgage foreclosure proceeding, and that, if that were the case, no equity remained in the parcel for the defendants' estate. The bankruptcy court held that the plaintiff "has a colorable claim to the parcel and is entitled to relief from stay to take whatever action is appropriate."

---

[2] The junior encumbrancers did not redeem on their law days.

On March 10, 1995, after title to the two parcels of land described in the foreclosure action had vested in the plaintiff, the plaintiff filed in the trial court a motion to open the judgment of strict foreclosure so that it could file an amended complaint containing a description of the third parcel of land, as well as the two original parcels. The plaintiff requested that the trial court assign new law days for the third parcel only. The plaintiff's motion to open the judgment of strict foreclosure was granted on March 27, 1995, and the plaintiff filed an amended complaint on April 11, 1995. On May 11, 1995, the defendants filed an objection to the plaintiff's motion for judgment of foreclosure. The plaintiff's motion for judgment of strict foreclosure was granted on May 15, 1995, with a law day of June 13, 1995. The defendants filed a motion to open the judgment of strict foreclosure on June 1, which was denied on June 5, 1995.

The defendants filed this appeal on June 9, 1995, claiming that the granting of the plaintiff's March 27, 1995 motion to open the original judgment of strict foreclosure was improper, that the judgment of strict foreclosure dated May 15, 1995, should not have been rendered, and that the trial court should not have denied the defendants' June 1, 1995 motion to open. We agree with the defendants that the trial court improperly granted the plaintiff's March 27, 1995 motion to open the foreclosure judgment of August 22, 1994, and, therefore, do not reach the defendants' other claims.

I

As a preliminary matter, we must determine whether the defendants have standing to bring this appeal.[3] The following additional facts are necessary to resolve this question. On June 6, 1995, the bankruptcy court converted the defendants' Chapter 11 proceeding into an

---

[3] Supplemental briefs were filed to address this issue.

involuntary Chapter 7 proceeding. On July 26, 1995, this court notified the parties that it would not take any action on this case until proof was received that relief from stay had been obtained in the Chapter 7 proceeding or that all bankruptcy proceedings had been terminated. On August 31, 1995, the Chapter 7 bankruptcy trustee filed a notice of proposed abandonment of the estate's interest in the third parcel of property, which was effective on October 18, 1995. On October 4, 1995, the defendants were discharged of their debts in the Chapter 7 bankruptcy proceedings.

On June 26, 1996, the plaintiff filed a motion to dismiss this appeal, alleging that the defendants lacked standing. The plaintiff argued that after the defendants' Chapter 11 bankruptcy proceeding was converted into a Chapter 7 proceeding, only the bankruptcy trustee had standing to file an appeal.[4]

Pursuant to Practice Book § 4000, "[a]n aggrieved party may appeal from a final judgment except as otherwise provided by law." The defendants argue that they are aggrieved parties. We agree.

"The test for determining aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously

---

[4] Pursuant to 11 U.S.C. § 541 (a) (1), the commencement of an involuntary bankruptcy case under Chapter 7 creates an estate that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Under 11 U.S.C. § 303 (g), the court may order the appointment of an interim trustee at any time after the commencement of a Chapter 7 case but before relief is ordered. Once a Chapter 7 petition is filed, the trustee becomes the proper party to maintain a cause of action on behalf of the debtor.

affected by the decision. . . . Mere status as a party or a participant in the proceedings below does not in and of itself constitute aggrievement for the purposes of appellate review. . . ." (Citations omitted; internal quotation marks omitted.) *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 523, 662 A.2d 1281 (1995); see Practice Book § 4000.

The defendants claim that their personal and legal interests have been specially and injuriously affected by the decision of the trial court, regardless of the fact that a bankruptcy trustee manages the bankruptcy estate, because they still own the equity of redemption. "In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 218, 455 A.2d 857 (1983). The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. General Statutes § 47-36h . . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day." (Citations omitted.) *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989).

After the original judgment of strict foreclosure on August 22, 1994, the defendants retained their equity of redemption in the third parcel of land because that parcel was not foreclosed by the foreclosure action. When the defendants went into bankruptcy, the property became a part of the bankruptcy estate. When the bankruptcy trustee abandoned his interest in this property, the property reverted to the defendants. Prior

to the trustee's abandonment, the trustee would also have been a proper party to maintain a cause of action on behalf of the defendants. Here, the defendants were aggrieved by the decisions of the trial court of March 27 and May 15, 1995, and they have standing to pursue this appeal.

II

The defendants claim that the trial court lacked jurisdiction to open the judgment of foreclosure because, under General Statutes § 49-15, a judgment of strict foreclosure cannot be opened after title has become absolute in an encumbrancer, and General Statutes § 49-1 bars any further action upon the mortgage debt after a mortgage has been foreclosed. We agree.

Section 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; *but no such judgment shall be opened after the title has become absolute in any encumbrancer.*" (Emphasis added.) Both this court and the Supreme Court have held that, under this statute, after title has become absolute in any encumbrancer, a judgment of foreclosure cannot be opened. *Varanelli* v. *Luddy*, 130 Conn. 74, 77, 32 A.2d 61 (1943); *Crane* v. *Loomis*, 128 Conn. 697, 700, 25 A.2d 650 (1942); *Burritt Interfinancial Bancorporation* v. *Wood*, 33 Conn. App. 401, 408, 635 A.2d 879 (1994); *Citicorp Mortgage, Inc.* v. *D'Avanzo*, 31 Conn. App. 621, 625, 626 A.2d 800, cert. denied, 227 Conn. 909, 632 A.2d 690 (1993), cert. denied, 510 U.S. 1195, 114 S. Ct. 1303, 127 L. Ed. 2d 655 (1994); *Merry-Go-Round Enterprises, Inc.* v. *Molnar*, 10 Conn. App. 160, 162, 521 A.2d 1065 (1987).

Although no Connecticut appellate decision has resolved the issue posed by this case, other jurisdictions have held that where a holder of a mortgage covering several properties has omitted one or more subject parcels from the foreclosure, the mortgagee is deemed to have waived its lien on the omitted parcels. *Matter of Silverman*, 10 B.R. 734, 736 (S.D.N.Y. 1981); *Bankers Trust Co.* v. *G. H. Equities, Inc.*, 57 App. Div. 2d 601, 602, 394 N.Y.S.2d 30 (1977); *Bodner* v. *Brickner*, 29 App. Div. 2d 441, 446, 288 N.Y.S.2d 342 (1968); *Dooly* v. *Eastman*, 28 Wash. 564, 574–75, 68 P. 1039 (1902). The rationale of these cases is that because a mortgage is merged in a judgment of foreclosure, a new action cannot be maintained to foreclose a mortgage as to an omitted lot. A mortgage cannot be foreclosed piece-meal, and the legal effect of omitting from the decree a portion of the mortgaged premises is a waiver of the mortgage lien as to that portion. *Dooly* v. *Eastman*, supra, 574–75.

In this case, the law days began on September 19, 1994, and concluded on September 22, 1994. None of the encumbrancers redeemed, and title to the two parcels of land described in the plaintiff's original complaint became absolute in the plaintiff on September 23, 1994. "Where a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the [redeeming encumbrancer] . . . ." *City Lumber Co. of Bridgeport, Inc.* v. *Murphy*, 120 Conn. 16, 25, 179 A. 339 (1935). Thus, the plaintiff had absolute title in the two parcels of land included in the foreclosure complaint.

Under § 49-1,[5] a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the

[5] General Statues § 49-1 provides: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made

underlying note, with the exception of rights enforceable through the use of the deficiency judgment procedure under General Statutes § 49-14. Having foreclosed on only two of the three mortgaged properties, the plaintiff was precluded from foreclosing on the third. Even though the plaintiff holds a mortgage on the third parcel, evidenced by a mortgage deed that remains unreleased on the land records, after the judgment of foreclosure and the running of the law days, the plaintiff is no longer able to foreclose that mortgage because the underlying note has been extinguished.

The plaintiff claims that the doctrine of collateral estoppel prevents the defendants from relitigating the issue of whether a mortgage remained on the parcel of land that was omitted from the original action for foreclosure. "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991). The plaintiff asserts that the United States Bankruptcy Court "specifically found that the note and mortgage remained valid, unextinguished, and enforceable." A reading of the bankruptcy court decision does not substantiate that the court "specifically found" any such thing. The court stated, "In light of the debtors' concession that the [plaintiff's] mortgage remains on the third parcel after the apparently defective state

parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided."

court mortgage foreclosure proceeding, there clearly is no equity in the parcel for the debtors' estate. The [plaintiff] has a colorable claim to the parcel and is entitled to relief from stay to take whatever action is appropriate in state court under the circumstances." Thus, the bankruptcy court was merely noting the defendants' concession that the mortgage remained on the parcel. The court did not decide that the mortgage was enforceable. The issue was not previously decided by the bankruptcy court, but, rather, the bankruptcy court recognized that a problem existed concerning the title to the third parcel and that the plaintiff's colorable claim to an interest in the parcel entitled the plaintiff to relief from the bankruptcy stay.

The August 22, 1994 judgment of strict foreclosure was properly rendered, the plaintiff's motion to open that judgment was improperly granted, the judgment of strict foreclosure of May 15, 1995, was improperly rendered, and the defendants' motion to open the judgment of May 15, 1995, should have been granted.

The judgment of strict foreclosure rendered on May 15, 1995, is reversed and the case is remanded with direction to reinstate the judgment of strict foreclosure rendered on August 22, 1994.

In this opinion the other judges concurred.

