[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Federal National Mortgage Association, moves to dismiss this action to foreclose a mechanic's lien. The ground for the motion is an absence of standing in the plaintiff. Frank Young, to pursue this foreclosure. On October 22, 2001, the court held a hearing on this motion. The following facts appear undisputed.
On May 29, 2001, the plaintiff commenced this suit to foreclose a mechanic's lien levied upon property located at 612 Cedar Swamp Road, Coventry, Connecticut. The defendant bought the property on March 20, 2001, from Wendover Financial Services Corporation, who had acquired the land through an unrelated foreclosure proceeding.
The plaintiff filed a certificate of mechanic's lien pertaining to this property on the Coventry land records on June 8, 2000, perfecting a lien which runs from April 7, 2000.
On February 23, 2001, three months before the present action was brought, the plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy court for the District of Connecticut. The plaintiff never listed this mechanic's lien or the debt secured by it as an asset of his estate. A final decree closing the bankruptcy case entered on July 5, 2001. No claim is made that the bankruptcy trustee ever abandoned this asset back to the plaintiff by any of the three methods enumerated by 11 U.S.C. § 554.
When the plaintiff went into bankruptcy, all of his assets, including any property interest in this mechanic's lien, became the property of his bankruptcy estate, New Milford Savings Bank v. Jajer, 44 Conn. App. 588,593 (1997). If a debtor fails to list a claim, including a chose in actions as an asset when he files for bankruptcy relief, that asset remains part of the bankruptcy estate when the case is closed by virtue of 11 U.S.C. § 554(d). A debtor who fails to list a claim as an asset cannot pursue that claim for his own benefit unless the trustee has abandoned it, Seward v. Devin, 888 F.2d 957, 963 (2d Cir. 1989). CT Page 14536
Consequently, the plaintiff lacks standing to foreclose the mechanic's lien because it remains property of the bankruptcy estate administered by the trustee. Where a plaintiff lacks standing to sue, the court lacks subject matter jurisdiction to adjudicate the matter, Steeneck v.University of Bridgeport, 235 Conn. 572, 580 (1995). The motion to dismiss is, therefore, granted.
Sferrazza, J.