[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#102) DEFENDANT'S MOTION TO DISMISS
This is an action for monetary damages for personal injuries and other damages and losses arising from a motor vehicle collision on or about December 8, 1999 in the town of Shelton.
The plaintiff alleges that as she was operating her automobile in a southerly direction on Soundview Avenue, a vehicle owned by the Ford Motor Credit Company and being operated by the defendant, Raymond Torres in a northerly direction on said highway violently collided with her vehicle causing said injuries, damages and other losses.
The defendant filed a motion to dismiss pursuant to Practice Book § 10-30 (a) (1) asserting that the court lacks subject matter jurisdiction. The issue is whether the plaintiff, whose debts were recently discharged under Chapter 7 of the federal bankruptcy law, has standing to bring a tort cause of action that accrued prior to the commencement of the bankruptcy proceeding. Pursuant to 11 U.S.C. § 541
(a) (1), the commencement of a bankruptcy case under Chapter 7 "creates an estate that is comprised of `all legal or equitable interests of the debtor in property as of the commencement of the case.' . . . Once a Chapter 7 petition is filed, the trustee becomes the proper party to maintain a cause of action on behalf of the debtor" New Milford SavingsBank v. Jajer, 44 Conn. App. 588, 592 n. 4, 691 A.2d 598 (1997), reversed on other grounds, 244 Conn. 251, 708 A.2d 1378 (1998). This court has previously stated that when a debtor commences a bankruptcy proceeding "[p]ursuant to 11 U.S.C. § 541 (a) (1) all property of the debtor, including chose in action and pending suits, becomes the property of the bankruptcy estate and [comes] under the exclusive control of the bankruptcy trustee. . . . By virtue of 11 U.S.C. § 554 (d), this property remains part of the estate unless and until the trustee abandons the lawsuit back to the debtor." (Internal quotation marks omitted.)Nygren v. Steier, Superior Court, judicial district of Waterbury, Docket No. CV 00 156706 (January 10, 2001, Doherty, J.) (28 Conn.L.Rptr. 699, CT Page 12685 701). The debtor's interests in any such causes of action are included within the broad scope of the provision of section 541 (a) (1) that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case. . . . § 541 (a) (1)." (Internal quotation marks omitted.) Seward v. Devine,888 F.2d 957, 963 (2d Cir. 1989).
"Property of the estate includes causes of action belonging to the debtor which accrued prior to the filing of the bankruptcy petition.Seward v. Devine [supra, 888 F.2d 963] and a cause of action is part of the estate even if the debtor fails to schedule the claim in his petition. See In re Drexel Burnham Lambert Group, Inc. 160 B.R. 508, 514
(S.D. N.Y. 1993). . . . `Property that is not scheduled may be abandoned by the trustee pursuant to the requirements of §§ 554 (a) or (b). Unscheduled property not abandoned by the trustee pursuant to §§ 554 (a) or (b) remains part of the estate even when the bankruptcy case is closed.' Tuttle v. Equifax Check Servs., Inc., 1197 WL 835055, No. 3:96-cv-948, at *2 (D. Conn. June 17, 1997). . . . Because a debtor in bankruptcy is not the owner of an unscheduled claim that has not been abandoned back to him, he has no standing to assert it; accordingly, no court has subject matter jurisdiction to entertain his claim. Correll v.Equifax check Servs., Inc., [234 B.R. 8, 11-12] (D. Conn. 1997). . . ." (Citations omitted.) Dana Investment Corp. v. Robinson Cole, Superior Court, complex litigation docket at New Britain, Docket No. X03 CV 00 505126 (March 8, 2001, Aurigemma, J.).
The underlying cause of action in this case accrued December 8, 1999. The plaintiff filed a voluntary petition with the bankruptcy court on July 27, 2001. The plaintiff did not disclose this cause of action as a personal asset on her bankruptcy petition. Because the current unscheduled claim was never abandoned by the bankruptcy trustee, it remains exclusively a part of the trustee's estate and the plaintiff has no standing to bring the current action. No claim is made that the trustee ever abandoned this cause of action back to the plaintiff by any of the three methods enumerated by 11 U.S.C. § 554.[1]
For the foregoing reasons, the court finds that the plaintiff has no standing to assert this cause of action and, for that reason, the defendant's motion to dismiss is hereby granted.