******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TD BANK, N.A. *v.* JOHN J.
DORAN, JR., ET AL.
(AC 37001)

DiPentima, C. J., and Lavine and Alvord, Js.

*Argued October 26, 2015—officially released January 19, 2016*

(Appeal from Superior Court, judicial district of
Middlesex, Marcus, J. [foreclosure judgment];
Domnarski, J. [deficiency judgment].)

*Matthew S. Carlone*, for the appellant (named defendant et al.).

*Pierre-Yves Kolakowski*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendants John J. Doran, Jr., and Jodie Chase[1] appeal from the deficiency judgment rendered by the trial court in favor of the plaintiff, TD Bank, N.A.,[2] in the amount of $167,022.23. On appeal, the defendants claim that the court (1) improperly concluded that their special defense of laches was not relevant to the deficiency judgment proceeding and (2) erroneously found that the plaintiff did not inexcusably delay the strict foreclosure proceedings. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendants, a married couple, executed a $525,000 home equity line of credit note in 2002, mortgaging their home located at 103 Meadow Woods Road, Deep River (property) to secure the debt. Due to the foreclosure of another mortgage on the property not pertinent to this appeal, the defendants vacated the property in March, 2008.

The plaintiff commenced the underlying foreclosure action to this appeal by summons and complaint dated May 4, 2012, with a return date of June 12, 2012. In its prayer for relief, the plaintiff sought, inter alia, a deficiency judgment against the defendants. The defendants entered appearances on June 12, 2012, as self-represented parties. On June 29, 2012, the plaintiff moved for default for failure to plead pursuant to Practice Book § 17-32 (a). On July 20, 2012, the defendants filed a pleading entitled "Defense" acknowledging, in relevant part, that because the mortgage had been in arrears for sixteen months at that point and interest, taxes, and penalties were accruing, "the potential for a deficiency against . . . the defendants existed." The motion for default was granted on August 2, 2012.

The plaintiff filed a motion for judgment of strict foreclosure on November 8, 2012. The court held a hearing on this motion on September 3, 2013, which the defendants did not attend.[3] On the same day, the court granted the motion for judgment of strict foreclosure establishing that (1) the defendants' debt was $551,537.51 and (2) the fair market value of the property was $450,000. The law day was set for October 7, 2013. See Practice Book § 23-17. The defendants did not seek to reargue; see Practice Book § 11-12; or to open the judgment; see General Statutes § 49-15. No appeal was taken from the judgment of strict foreclosure. On October 8, 2013, title to the property vested in the plaintiff.

On October 22, 2013, the plaintiff filed a timely motion for deficiency judgment pursuant to General Statutes § 49-14 (a) and Practice Book § 23-19. Through counsel, the defendants filed an objection to the motion for deficiency judgment on January 8, 2014, claiming for the first time that the plaintiff's action was barred by laches.

At the June 10, 2014 hearing on the motion for defi-

ciency judgment, the defendants were represented by counsel. At the outset, the plaintiff informed the court that the parties had reached a stipulation regarding the value of the property. Specifically, the parties agreed that as of October 28, 2012, the value was $550,000; as of July 3, 2013, the value was $450,000; and as of October 8, 2013, the value was $400,000. The court then allowed the defendants the opportunity to prove their laches defense.

Chase testified in support of the laches defense. She explained that, after receiving notice of the foreclosure action and the property's appraised value of $550,000, the defendants decided in November, 2012, not to challenge the foreclosure because it would not lead to a deficiency. Chase acknowledged that the defendants received notice in July, 2013, that the property was worth less than the debt. Chase, nonetheless, asserted, "If we felt that we were going to be in a position where we would have a deficiency, we would have taken action." On cross-examination, Chase testified in relevant part that she could not recall if they had filed any documents objecting to the strict foreclosure, or if Doran had received an appraisal of the property in August, 2013, or if they had attended the September, 2013 strict foreclosure hearing. Moreover, when questioned by the court, Chase insisted that the defendants "repeatedly asked [the plaintiff] to foreclose" on the property. She conceded, however, that once the foreclosure action was filed, the defendants took no action to move the foreclosure action along.

Ultimately, the court overruled the defendants' objection and rendered a deficiency judgment in favor of the plaintiff. As to the laches defense, the court concluded that the defendants failed to carry their burden for two reasons. First, evidence that the defendants asked the plaintiff to foreclose on the property years earlier was "not relevant to the issue before the court [because] it is an issue that could have been raised in the foreclosure proceeding at the time of [that] judgment." Second, as to the deficiency judgment proceeding, the defendants did not prove laches because the court could not find that the plaintiff inexcusably delayed the foreclosure action, noting the 180 day moratorium that had been in place. See footnote 3 of this opinion. The court determined that the deficiency amounted to $167,022.23. In its calculations, the court relied on the amended calculation of deficiency judgment provided by the plaintiff that fixed the value of the property at $400,000. This appeal followed.

On appeal, the defendants make two claims. First, they argue that the court improperly concluded that the special defense of laches was irrelevant to the deficiency judgment. Specifically, the defendants contend that they could not have raised laches at the strict foreclosure hearing because they could not have shown

that they were prejudiced by the plaintiff's delay in foreclosing on the property. Second, the defendants claim that the court's finding that the plaintiff had not inexcusably delayed the foreclosure proceeding was erroneous. The thrust of the latter claim centers on the court's taking judicial notice, which the defendants contend was erroneous, of the United States Department of Housing and Urban Development letters establishing a 180 day moratorium on foreclosures in the wake of Hurricane Sandy.

Because we agree with the court as to the defendants' first claim, we need not address their second claim. Therefore, the dispositive issue on appeal is whether the defendants, after the judgment of strict foreclosure was rendered and not appealed, the law day passed, and title vested, could raise the special defense of laches at the deficiency judgment hearing. The court answered in the negative, and, for the reasons stated herein, we agree.

We begin our analysis by setting forth the applicable standard of review and principles of law. "The defense of laches, if proven, bars a plaintiff from [obtaining] equitable relief in a case in which there has been an inexcusable delay that has prejudiced the defendant. . . . First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law. . . . We must defer to the court's findings of fact unless they are clearly erroneous. . . . Whether the defense of laches was applicable to this action, however, is a question of law. When there is a question of law, our review of the court's decision is plenary." (Citation omitted; internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 281, 880 A.2d 985 (2005).

"In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day." (Citations omitted.) *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989).

"Under General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing

mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14." *First Bank* v. *Simpson*, 199 Conn. 368, 370, 507 A.2d 997 (1986). In relevant part, § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. . . . At such hearing the court shall hear the evidence, *establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference*, if any, between such valuation and the plaintiff's claim. . . ." (Emphasis added.) Our rules of practice provide an analogous rule that states in relevant part: "Whenever a deficiency judgment is claimed in a foreclosure action, the party claiming such judgment shall file with the clerk of the court within the time limited by statute a written motion setting forth the facts relied on as the basis for the judgment, which motion shall be placed on the short calendar for an evidentiary hearing. . . . At such hearing the judicial authority shall hear the evidence, *establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference*, if any, between such valuation and the plaintiff's claim." (Emphasis added.) Practice Book § 23-19 (a).

The purpose of a strict foreclosure hearing is distinct from that of a deficiency judgment hearing. "[I]n a strict foreclosure, the vesting of title operates to reduce the debt by the value of the property." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 794, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006). Thus, the strict foreclosure hearing establishes the amount of the debt owed by the defendant. See *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 209–210, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995). As contemplated by § 49-14, the deficiency judgment hearing has a "very limited purpose." Id., 208. The intent of the deficiency proceeding "is to determine through a hearing the value of the property that has been foreclosed as of the date title vests in the mortgagee and to award the difference between that value and the amount of the debt as established by the foreclosure judgment." *Citicorp Mortgage, Inc.* v. *D'Avanzo*, 31 Conn. App. 621, 626, 626 A.2d 800, cert. denied, 227 Conn. 909, 632 A.2d 688 (1993), cert. denied, 510 U.S. 1195, 114 S. Ct. 1303, 127 L. Ed. 2d 655 (1994). Therefore, because "[i]n a deficiency proceeding . . . the judgment of foreclosure has already determined that a debt is owed and the amount of that debt . . . [t]hose issues are not relitigated in the deficiency hearing." *Federal Deposit Ins. Corp.* v. *Voll*, supra, 209–210. For this reason, defenses, such as laches, that "could have been raised during the foreclosure proceedings may not be raised in the deficiency hearing." Id., 211.[4] Applying

these principles, we conclude that the special defense of laches claimed by the defendants was not relevant to the deficiency judgment hearing. Accordingly, the defendants' claim that at the deficiency judgment hearing the court should have applied the equitable doctrine of laches after the judgment of strict foreclosure was rendered, the law day passed, and title vested, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint also names as defendants several parties who have an interest in the subject property as the result of a previous foreclosure action. Those parties are not relevant to this appeal and consequently we refer to John J. Doran, Jr., and Jodie Chase collectively as the defendants.

[2] The plaintiff was formerly known as BankNorth, N.A., successor by merger to American Savings Bank.

[3] According to the plaintiff in its reply memorandum to the defendants' objection to the deficiency judgment, this delay in pursuing the foreclosure action was caused by a moratorium on foreclosures in the aftermath of Hurricane Sandy. The United States Department of Housing and Urban Development published "Mortgagee Letter 2012-23" that established a ninety day "moratorium on foreclosures on properties" in areas affected by the hurricane. On January 31, 2013, "Mortgagee Letter 2013-06" extended this moratorium by ninety additional days. Therefore, the 180 day moratorium prevented the plaintiff from proceeding with the motion for judgment of strict foreclosure. As a consequence, the plaintiff had to reclaim its November, 2012 motion in August, 2013. The defendants did not object to the reclaimed motion for judgment of strict foreclosure. The plaintiff acknowledged that the property was one of many that were "placed on the Federal Emergency Management Agency's disaster list after Hurricane Sandy."

[4] The record does not support the contention advanced by the defendants that they could not have raised the laches defense at the strict foreclosure hearing. As demonstrated by the pleading they filed in July, 2012, the defendants acknowledged the possibility of a deficiency about fifteen weeks prior to the plaintiff's filing a motion for judgment of strict foreclosure. Chase's testimony established that the defendants were on notice that the value of the property was $550,000 in November, 2012, which was approximately the same as the debt owed to the plaintiff. Chase also testified that the defendants first received notice that the property was worth less than the debt that was owed around July, 2013, which was approximately *one month before the strict foreclosure hearing*. We infer that the defendants *knew* that the devaluation as of the summer of 2013 meant that a deficiency likely existed.

———————————————